**Robert David MARSCH, Petitioner–Appellant,**

v.

**William SEABOLD, Warden, Respondent–Appellee.**

Nos. 00–6588, 00–6596.

United States Court of Appeals, Sixth Circuit.

Oct. 31, 2001.

**446**

Before NELSON, DAUGHTREY, and MOORE, Circuit Judges.

*ORDER*

Robert David Marsch, a Kentucky prisoner proceeding pro se, appeals the district court's order denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 (Case No. 00–6588), and the district court's order denying his motion to alter or amend the judgment filed under Fed.R.Civ.P. 59(e) (Case No. 00–6596). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A jury convicted Marsch on November 14, 1985, of intentional murder and second degree arson. The victim had been shot and the body placed in the back seat of his car; both the body and the car were then set on fire. The trial court sentenced Marsch to 45 years in prison on the murder count and 20 years on the arson count, with the sentences to run consecutively, in accordance with the jury's recommendation. However, the Supreme Court of Kentucky reversed Marsch's conviction and remanded the case for a new trial because of error in the jury selection process. *See Marsch v. Commonwealth,* 743 S.W.2d 830 (Ky.1987).

Marsch's second jury trial was held in a different county pursuant to the Commonwealth's motion for a change of venue. Marsch was again found guilty of both counts and the trial court again followed the jury's sentencing recommendation; however, this time the recommendation was life in prison on the murder count and 20 years (consecutive) for arson. The Supreme Court of Kentucky unanimously affirmed the conviction and sentence in an unpublished opinion issued on August 3, 1989. Marsch's appeal of a subsequent post-conviction motion under Ky. R.Crim. P. 11.42 was partially successful in that the Kentucky Court of Appeals affirmed his conviction, but vacated his sentence and remanded the case with directions to amend the judgment to provide for concurrent sentences. The Supreme Court of Kentucky denied discretionary review.

In his § 2254 petition, Marsch presented seven grounds for relief: (1) the trial court denied due process by applying Kentucky's "Truth in Sentencing" statute to his second trial, since the alleged crime occurred prior to enactment of that statute; (2) the trial court denied due process by admitting an inflammatory picture of the decedent's burned and mutilated body; (3) the trial court denied due process by allowing the prosecution to use, without proper introduction, a rifle similar to the one found in Marsch's home; (4) the trial court denied due process by allowing the prosecution to define the term "reasonable doubt" to the jury; (5) the prosecution denied due process by failing to preserve exculpatory evidence between the first and second trials; (6) the prosecutor violated his right to remain silent in the presence of the jury; and (7) he was denied the effective assistance of counsel.

The magistrate judge issued findings of fact, conclusions of law, and recommendations in a report filed on September 6,

2000. The magistrate judge found that the application of the Truth in Sentencing statute was an issue of state law which the Commonwealth's highest court had found to be meritless and was not cognizable under § 2254. He also found the admission of the photograph of the burned body to be a matter of state law that did not deprive Marsch of a fundamentally fair trial due to the overwhelming circumstantial evidence presented by the Commonwealth. The magistrate judge next determined that the use of a similar, substitute rifle in place of Marsch's own, which had been stolen from the evidence room sometime between the two trials, was not reversible error and was, in any event, harmless. The Supreme Court of Kentucky found Marsch's "reasonable doubt" claim to be procedurally defaulted and the magistrate judge found no cause and prejudice that would permit federal habeas corpus review. The magistrate judge noted that the Kentucky Court of Appeals did not address the issue regarding the failure to preserve exculpatory evidence on the ground that it had been raised and rejected on direct appeal; in any event, Marsch had shown no bad faith in the failure to preserve evidence. The magistrate judge relied upon the alternative procedural ground stated by the Kentucky Court of Appeals to reject the claim of prosecutorial comment upon his silence and, again, found no cause and prejudice to permit federal review. Finally, the magistrate judge agreed with the conclusion of the Kentucky Court of Appeals that Marsch had failed to establish ineffective assistance of counsel. Accordingly, the magistrate judge recommended that Marsch's § 2254 petition be dismissed. The district court overruled Marsch's objections in a brief order entered on October 4, 2000. Marsch's motion to alter or amend the judgment was denied in an order entered on October 11, 2000.

This court granted a certificate of appealability as to Marsch's issues relating to admission of an inflammatory photograph, use of a substitute rifle at trial, prosecutorial definition of "reasonable doubt," failure to preserve evidence, violation of the right to remain silent, and ineffective assistance of counsel. Marsch continues to argue the merits of those issues on appeal. The respondent has notified the court that he will not be filing a brief and that he agrees with the analysis set forth by the magistrate judge.

Upon review, we affirm the district court's orders. This court reviews *de novo* a district court's disposition of a habeas corpus petition. *Doan v. Brigano,* 237 F.3d 722, 729 (6th Cir.2001); *Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir.2000), *cert. denied,* 532 U.S. 947, 121 S.Ct. 1415, 149 L.Ed.2d 356 (2001). Pursuant to § 2254, relief may not be granted with respect to any claim adjudicated on the merits in state court unless the adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; *or*

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *accord Doan,* 237 F.3d at 729.

Elaborating on the meaning of this statutory language, the Supreme Court held that a decision of a state court is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412–13,

120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The Court continued that an "unreasonable application" occurs when "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S.Ct. 1495. However, a federal court, on habeas review, may not find a state decision to be unreasonable "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411, 120 S.Ct. 1495.

Concerning all of Marsch's claims except for the preservation of exculpatory evidence issue, the district court properly found that the state court's disposition of Marsch's grounds for relief represented a reasonable application of constitutional law as set forth by the Supreme Court. Regarding the exculpatory evidence issue, we affirm the district court's decision on other grounds. *See City Mgmt. Corp. v. U.S. Chem. Co.,* 43 F.3d 244, 251 (6th Cir.1994). The district court adopted the magistrate judge's recommendation that the exculpatory evidence claim was procedurally barred because the issue had been previously raised and decided on appeal in the state courts. An examination of the record reveals that the issue was not raised before and was not decided by the Kentucky Supreme Court. However, because this claim could have been decided on appeal, it is still subject to the state procedural bar rule. *See Bronston v. Commonwealth,* 481 S.W.2d 666, 667 (Ky.Ct.App. 1972). Marsch has not shown cause and prejudice to excuse this procedural default, so he is not entitled to relief on this claim. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

Accordingly, the district court's order dismissing Marsch's petition for a writ of habeas corpus (Case No. 00–6588) and the order denying his Rule 59(e) motion (Case No. 00–6596) are affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.