# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 02-2302

CARLOS CURRY,

*Petitioner-Appellant,*

v.

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 C 1449—**Rudy Lozano**, *Judge.*

_____

SUBMITTED SEPTEMBER 6, 2002—DECIDED OCTOBER 11, 2002

_____


Before POSNER, COFFEY, and MANION, *Circuit Judges.*

POSNER, *Circuit Judge.* In *Dunlap v. Litscher*, 301 F.3d 873 (7th Cir. 2002), we held that motions to vacate judgments, filed under Fed. R. Civ. P. 60(b), must, when the movant is a prisoner seeking to vacate the criminal judgment against him, submit to the limitations that 28 U.S.C. §§ 2244(b)(3) and 2255 ¶ 8 place on second or subsequent federal collateral attacks (habeas corpus, in the case of state prisoners, and 2255 motions, in the case of federal prisoners) on criminal judgments. We must now decide, in considering this appeal from the denial of a Rule 59(e) motion, whether motions under that rule to alter or amend

judgments are also affected by the statutory limitations on successive collateral attacks on criminal judgments. No published opinion addresses the issue, though several assume they are not. See *Edwards v. United States*, 266 F.3d 756 (7th Cir. 2001); *Sawyer v. Hofbauer*, 299 F.3d 605 (6th Cir. 2002); *Dowthitt v. Johnson*, 230 F.3d 733 (5th Cir. 2000); *Mincey v. Head*, 206 F.3d 1106 (11th Cir. 2000). The assumption is correct. A Rule 60(b) motion is a collateral attack on a judgment, which is to say an effort to set aside a judgment that has become final through exhaustion of judicial remedies. A Rule 59(e) motion is not; filed as it must be within 10 days of the judgment, it suspends the time for appealing. Since such a motion does not seek collateral relief, it is not subject to the statutory limitations on such relief.

That does not help the appellant in this case. Although a motion filed within 10 days after the judgment is, regardless of the label, to be treated as a Rule 59(e) motion, e.g., *Charles v. Daley*, 799 F.3d 343, 347 (7th Cir. 1987); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n. 3 (7th Cir. 2001); *Jones v. Unum Ins. Co.*, 223 F.3d 130, 136-37 (2d Cir. 2000), this is only, as the cases say, if it is a "substantive" motion, that is, only if it comes within the scope of Rule 59(e). A motion for an extension of time, for example, does not. It is not a Rule 59(e) motion, even when filed within 10 days, because it does not seek to alter or amend (in other words, to reconsider and revise) the judgment. *Lorenzen v. Employees Retirement Plan*, 896 F.2d 229, 231 (7th Cir. 1990); *Taumby v. United States*, 919 F.2d 69, 71 n. 3 (8th Cir. 1990); cf. *Buchanan v. Stanships, Inc.*, 485 U.S. 265 (1988) (per curiam); *Utah Women's Clinic, Inc. v. Leavitt*, 75 F.3d 564, 567 (10th Cir. 1996). In this case the appellant, who filed the purported Rule 59(e) motion within 10 days after the denial of his second sec-

tion 2255 motion, was in fact attacking the denial of his first such motion, so that his motion was actually one under Rule 60(b), since it was filed long after the tenth day following that first denial. The 10-day limit precludes successive Rule 59(e) motions—the second is bound to be filed after the tenth day—and that is what we have here.

The motion did not fall within the area demarcated in *Dunlap* in which a Rule 60(b) motion is consistent with the limitations that Congress has placed on collateral attacks on criminal judgments. Therefore the judge, rather than denying the motion as he did (without explanation), should have dismissed the motion for want of jurisdiction, since the movant had not obtained our permission to mount a second collateral attack. *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

The judgment is vacated and the case remanded with instructions to dismiss the motion for want of jurisdiction.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*