**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 2, 2006[*]
Decided December 12, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-3715

| | |
|---|---|
| CLAUDE McGEE, | Appeal from the United States |
|     *Plaintiff-Appellant*, | District Court for the Southern |
| | District of Illinois |
|     *v.* | |
| | No. 04-878-JLF |
| EDWARD MAYO, et al., | |
|     *Defendants-Appellees*. | James L. Foreman, |
| | *Judge*. |

**O R D E R**

    Claude McGee, an Illinois prisoner at Pontiac Correctional Center, filed a § 1983 action alleging that prison officials violated various constitutional

---

[*]Appellees Edward Mayo, Andrew Wilson, Eugene McAdory, Melody J. Ford, and Debbi Middendorf notified this court that they were never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. *See* Fed. R. App. P. 34(a)(2).

protections by confining him to his cell as a disciplinary measure and denying his grievance about the discipline. The district court dismissed his complaint under 28 U.S.C. § 1915A because it failed to state a claim. We affirm.

McGee alleges that while performing his prison job as a janitor, he disobeyed an instruction not to speak to a particular inmate. As a result, he was confined to his cell for the remainder of the day and could not work at his job. He also received a disciplinary report for disobeying a direct order to sweep the floor. McGee believes that prison officers punished him for speaking to the other inmate because of a bias against the other inmate (which McGee calls an undisclosed "conflict of interest") resulting from a lawsuit the inmate had filed against the officers. Finally, McGee argues that prison administrators did not adequately investigate and consider his grievance regarding his confinement and disciplinary report and did not give him an adequate opportunity to present evidence. McGee asserts that the conflict of interest, cell confinement, disciplinary report and grievance denial violated his rights to due process and equal protection under the Fourteenth Amendment. He further alleges that prison officials intentionally inflicted emotional distress upon him, slandered him, and committed employment discrimination.

The district court dismissed the complaint on May 27, 2005. McGee filed a timely motion under Rule 59(e) (although mislabeled as a Rule 60(b) motion) on June 13, 2005. *Curry v. United States*, 307 F.3d 664, 666 (7th Cir. 2002) ("a motion filed within 10 days after the judgment is, regardless of it label, to be treated as a Rule 59(e) motion," so long as it comes within the scope of Rule 59(e)). He also filed successive Rule 60(b) motions, but this court ruled on June 28, 2006, that only the May 27, 2005 dismissal is preserved for review.

We review the district court's dismissal *de novo, see Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). We begin with his claim that his cell confinement and work loss offended due process. McGee did not suffer a violation of due process because his confinement  and work loss did not deprive him of any liberty interest. *See Lekas v. Briley*, 405 F.3d 602, 607-608 (7th Cir. 2005) (prisoners have no liberty interest in remaining in the general population); *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000) (prisoners have no liberty interest in their prison jobs). Likewise, the absence of these liberty interests dooms McGee's argument that prison officials were constitutionally required to refrain from disciplining McGee because of their alleged conflicts of interest with the other inmate.

McGee's allegation that prison grievance procedures were inadequate to remedy his cell confinement and lost work also does not state a due process claim because of the lack of a liberty interest in his prison job or avoiding cell confinement. He also has no liberty interest in prison grievance procedures, because the procedures themselves create no substantive rights. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir.

1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-1101 (7th Cir. 1982).

McGee's remaining claims require little discussion. He does not suggest that the defendants confined him to his cell and kept him from working because of his membership in a protected group, and so his claims of equal protection and employment discrimination fail. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). These claims as well as his state law claims are too frivolous to warrant further discussion, and we accordingly conclude that the district court correctly dismissed them at the screening stage for failing to state a claim upon which relief can be granted.

The district court also did not abuse its discretion in denying McGee's motion for appointed counsel. Because his claims plainly have no merit, appointed counsel would not have made a difference in the outcome. *See Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir. 2005). Finally, the district court did not abuse its discretion in denying McGee's Rule 59(e) motion, in which McGee argued that he should be allowed to amend his complaint. A court may deny leave to amend if the proposed amendment fails to cure the deficiencies of the complaint. *Crestview Village v. United States Dep't of Hous. and Dev.*, 383 F.3d 552, 558 (7th Cir. 2004). Here, McGee's proposed amendments did not cure the legal deficiencies just discussed.

We note for future reference that McGee has incurred two "strikes" under 28 U.S.C. § 1915(g) in the course of this lawsuit: one for filing frivolous claims in the district court, and one for appealing those claims.

The judgment of the district court is AFFIRMED.