**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0920n.06
Filed: December 20, 2006

**No. 05-6340**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re: ROBERT DAVID MARSCH, | ) | |
| | ) | **ON APPEAL** FROM THE |
| Movant. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| | ) | |
| | ) | **O P I N I O N** |
| | ) | |
| | ) | |

**BEFORE: NORRIS, COLE, and COOK, Circuit Judges.**

**ALAN E. NORRIS, Circuit Judge.** Petitioner Robert Marsch, a Kentucky state prisoner proceeding pro se, filed a petition in the district court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the state parole board violated his due process and equal protection rights guaranteed by the Fourteenth Amendment when it ordered him to serve out the remainder of his life sentence. As petitioner had sought habeas corpus relief four years earlier pursuant to 28 U.S.C. § 2254, the district court treated this petition as a second or successive petition and, because a district court may not hear a successive § 2254 petition without receiving authorization from an appellate court, the petition was transferred to this court for authorization. *See* 28 U.S.C. § 2244(b). For the reasons outlined below, we affirm the district court's decision to transfer the petition to this court and deny petitioner's request to bring a successive petition.

**I.**

A jury convicted petitioner of intentional murder and second-degree arson in Kentucky state court. He was sentenced to consecutive terms of life in prison on the murder charge and twenty-years for the arson charge. On August 3, 1989, the Supreme Court of Kentucky affirmed his convictions and sentence. Then, in a subsequent post-conviction proceeding under Ky. R. Crim. P. 11.42, the Kentucky Court of Appeals affirmed his conviction but vacated his sentence and remanded his case with directions to amend the judgment to provide for concurrent sentences. In April 1999, the Supreme Court of Kentucky denied discretionary review.

Petitioner first sought habeas corpus relief pursuant to 28 U.S.C. § 2254[1] in the United States District Court for the Western District of Kentucky. In that petition, he challenged his underlying convictions. In November 2000, his request for relief was denied. The district court's judgment was affirmed by this court. *Marsch v. Seabold*, 27 Fed. Appx. 445 (6th Cir. 2001).

While petitioner was seeking post-conviction relief, the Kentucky Parole Board twice considered him for parole: first on December 3, 1992 and then on November 29, 2000. Parole was denied on both occasions. Petitioner did not challenge the Parole Board's decisions or findings. Then, on December 1, 2004, petitioner was considered for parole for a third time. The Parole Board

---

[1] This provision provides in part as follows:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

denied his request and ordered him to serve out his life sentence.

Petitioner filed the current petition seeking habeas corpus relief in the district court pursuant to 28 U.S.C. § 2241.[2] Rather than attack his convictions for murder and arson, he now challenges the Parole Board's decision denying him parole, arguing that he was denied due process and equal protection at his parole hearing. Specifically, he alleges that the Parole Board based its decision on inaccurate statements regarding the crimes for which he was convicted.

## II.

As already stated, the district court construed the petition as a successive petition filed pursuant to 28 U.S.C. § 2254. In order for the district court to hear a successive petition, it must be authorized by the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). Accordingly, the district court transferred the petition to us for authorization. Even though the petition was filed pursuant to § 2241, this court has recently held that a state prisoner's § 2241 habeas petition must comply with the gatekeeping restrictions included in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Rittenberry v. Morgan*, ___ F.3d ___, 2006 WL 3230278, at *5 (6th Cir. Nov. 9, 2006). Among these gatekeeping restrictions are the requirements that a prisoner must first obtain a certificate of appealability before appealing the denial of writ, 28 U.S.C. § 2253(c)(1), and that he may not file a successive petition absent authorization

---

[2] This provision states in part:

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court wherein the restraint complained of is had.

28 U.S.C. § 2241(a).

from an appellate court, 28 U.S.C. 2244(b). In order for an appellate court to issue an order authorizing the district court to hear a successive application, a three-judge panel must find that the petitioner has made a prima facie showing that he has satisfied the requirements of § 2244(b). 28 U.S.C. § 2244(b)(3).

Because § 2244(b) applies to petitioner's habeas request, we must now decide whether his petition is successive and, if so, whether he can make a prima facie showing that his claims satisfy the requirements of this provision. A petition is successive if "it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." *In re Bowan*, 436 F.3d 699, 704 (6th Cir. 2006) (citing *McClesky v. Zant*, 499 U.S. 467, 489 (1991)); *see In re Siggers*, 132 F.3d 333, 338 (6th Cir. 1997) (prisoner's claim was successive because he could have discovered the factual predicate to the new claim at the time he filed his first petition).

Petitioner argues that his due process and equal protection rights were violated at his 2004 parole hearing because the Parole Board relied on an inaccurate recitation of the facts surrounding the crimes for which he was convicted. Specifically, he asserts that a document read to the Parole Board stated that blood stains and a loaded gun were found in petitioner's car soon after the murder and arson, when, in fact he did not have a car. He also argues that the Parole Board erroneously believed that he had a prior felony conviction.

Petitioner filed his first habeas corpus petition on April 10, 2000. By this time, the Parole Board had already denied petitioner parole in 1992. There is no reason to believe, and petitioner does not argue, that the Parole Board looked at different material regarding the nature of the

underlying offense when it made its first decision to deny parole. Based on petitioner's skeletal allegations, this court is not persuaded that the Parole Board would have relied on different factual allegations regarding petitioner's underlying conviction some fourteen years later. Consequently, he could have discovered the factual predicate by April 2000, when he filed his first petition. It follows then, that the present petition is a successive petition.

This court will allow a petitioner to bring a successive petition "only if" he can make a prima facie showing that he can satisfy one of § 2244(b)'s subdivisions. 28 U.S.C. § 2244(b)(3)(C). Section 2244(b) authorizes courts to hear successive petitions on two different grounds, neither of which petitioner satisfies. A successive petition will be permitted when a previously unavailable rule of constitutional law is made available to a petitioner by the Supreme Court. 28 U.S.C. § 2244(b)(2)(A). Alternatively, authorization may be granted if the petitioner can demonstrate that the "factual predicate for the claim could not have been previously discovered through the exercise of due diligence" and that, "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(i)-(ii). Petitioner does not argue that a new rule of constitutional law was made retroactive to his claim. And, as previously discussed, the factual predicate to petitioner's claim could have been discovered before he filed his first application for habeas relief.

**III.**

Petitioner's request for authorization pursuant to § 2244(b) to bring a successive petition is

**denied**.