*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 08a0262p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

TOMMY HOWARD,

　　　　　*Petitioner-Appellant,*

　　*v.*

UNITED STATES OF AMERICA,

　　　　　*Respondent-Appellee.*

No. 07-3447

---

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 06-00216—S. Arthur Spiegel, District Judge.

Submitted: March 17, 2008

Decided and Filed: July 22, 2008

Before: BOGGS, Chief Judge; ROGERS, Circuit Judge; SHADUR, District Judge.[*]

---

## COUNSEL

**ON BRIEF:** Timothy D. Oakley, ASSISTANT UNITED STATES ATTORNEY, Cincinnati, Ohio, for Appellee. Tommy Howard, Marion, Illinois, pro se.

ROGERS, J., delivered the opinion of the court, in which SHADUR, D. J., joined. BOGGS, C. J. (pp. 5-6), delivered a separate dissenting opinion.

---

## OPINION

---

ROGERS, Circuit Judge. After the district court denied his motion to vacate sentence, habeas petitioner Tommy Howard moved to alter or amend that judgment pursuant to Fed. R. Civ. P. 59(e) and for leave to amend his pleadings pursuant to Fed. R. Civ. P. 15. Howard asked that the denial be set aside so that he could amend his motion to vacate sentence to allege, for the first time, errors in his sentencing. The district court denied this request, construing it as a second motion to vacate sentence, and transferred the case to our court pursuant to 28 U.S.C. § 1631 and § 2255(h). Because a Rule 59(e) motion is not subject to the strict procedural requirements imposed on second or successive habeas petitions, we return this case to the district court for consideration of the motion without regard to such limits.

---

[*]The Honorable Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

In June 2003, a federal grand jury indicted Howard on a charge of possessing a firearm during a drug trafficking offense. Howard pled guilty and was sentenced to 292 months of imprisonment. This court affirmed the conviction and sentence on appeal. In April 2006, Howard sought federal habeas relief by filing a motion to vacate, set aside or correct sentence pursuant to § 2255(a). Howard claimed to be entitled to relief on the grounds that: (1) he had been convicted of a charge for which he had not been indicted, (2) he had received ineffective assistance of counsel at trial, and (3) his guilty plea had been accepted by the district court even though it was not knowingly and intelligently given, nor did it have a sufficient factual basis. Finding these claims to be without merit, the district court denied Howard's motion to vacate sentence.

Howard then filed a timely motion "to Alter or Amend Judgment Pursuant to Rule 59(e) of Civil Procedure[] Conjoined with Rule 15 to Amend Pleadings." It was in this motion that Howard first claimed that the district court had erred in treating his prior Ohio state-court conviction as a "controlled substance offense," and consequently deeming him a "career offender" for Sentencing Guidelines purposes. In support of this argument, Howard relied upon *United States v. Montanez*, 442 F.3d 485 (6th Cir. 2006), a case decided by this court on March 23, 2006. In that decision, we suggested that convictions for the violation of former § 2925.03(A)(4) of the Ohio Code, such as Howard's, do not qualify as predicate "controlled substance offenses." *Id.* at 491-93. Howard did not, however, provide any explanation as to why he had not raised this claim earlier, even though *Montanez* had been decided before the denial of his motion to vacate sentence, and indeed, before that motion was even filed.

The district court determined that Howard's Rule 59(e) motion was in fact a second motion to vacate sentence, "denied" it, and transferred it to this court pursuant to § 1631 and § 2255(h). In its order, the district court relied upon *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005), in which the Supreme Court held that motions for post-judgment relief under Fed. R. Civ. P. 60(b) that "seek[] to add a new ground for relief" or "attack[] the federal court's previous resolution of a claim *on the merits*" must be construed as second or successive habeas petitions.

Howard also filed two notices of appeal from the district court's order, which were docketed in this court as Nos. 07-3267 and 07-3448. The district court moreover issued a certificate of appealability on the question of whether the transfer to this court was required. The two appeals were each dismissed for lack of prosecution. Our court's practice in the case of second-or-successive transfer orders to this court is to treat the transfer order as non-appealable, and to consider in the transferred case whether such a transfer was necessary or appropriate. *See McGhee v. Myers*, No. 99-5713, 1999 WL 644374, at *1 (6th Cir. Aug. 18, 1999)*; see also In re Marsch*, 209 F. App'x 481, 483 (6th Cir. 2006); *In re Bowen*, 436 F.3d 699, 701, 704-06 (6th Cir. 2006). Consistent with that practice, we determine that the transferred motion in this case was not a second or successive habeas petition.

Even though Howard's Rule 59(e) motion raised a new ground for habeas relief, it was not a second motion to vacate sentence, and thus did not need to be transferred to this court. This conclusion is supported by the reasoning of the Seventh Circuit, which distinguished between Rule 59(e) and Rule 60(b) motions, and reasoned that Rule 59(e) motions are not subject to the statutory limitations placed on successive collateral attacks on criminal judgments:

> We must now decide, in considering this appeal from the denial of a Rule 59(e) motion, whether motions under that rule to alter or amend judgments are also affected by the statutory limitations on successive collateral attacks on criminal judgments. No published opinion addresses the issue, though several assume they are not. See *Edwards v. United States*, 266 F.3d 756 (7th Cir.2001); *Sawyer v. Hofbauer*, 299 F.3d 605 (6th Cir.2002); *Dowthitt v. Johnson*, 230 F.3d 733 (5th Cir.2000); *Mincey v. Head*, 206 F.3d 1106 (11th Cir.2000). The assumption is correct. A Rule

60(b) motion is a collateral attack on a judgment, which is to say an effort to set aside a judgment that has become final through exhaustion of judicial remedies. A Rule 59(e) motion is not; filed as it must be within 10 days of the judgment, it suspends the time for appealing. Since such a motion does not seek collateral relief, it is not subject to the statutory limitations on such relief.

*Curry v. United States*, 307 F.3d 664, 665 (7th Cir. 2002).

This reasoning is persuasive, although it was not strictly necessary to the holding in *Curry*. The petitioner's motion in that case was ultimately determined by the Seventh Circuit not to be a Rule 59(e) motion in the first place, but rather a Rule 60(b) motion. *Id.* at 666. Although the motion was labeled as a Rule 59(e) motion and filed within ten days of the denial of the petitioner's second motion to vacate sentence, according to the Seventh Circuit it was in fact no more a Rule 59(e) motion than, for instance, a motion for extension of time. *Id.* The motion in *Curry* did not attack the judgment that had been filed within the previous ten days, but rather attacked an earlier habeas judgment. *Id.* Accordingly, the Seventh Circuit treated the motion as a Rule 60(b) motion and held that it was subject to the limits placed on successive motions to vacate. *Id.* No such argument that Howard's motion was not a Rule 59(e) motion exists here, and we take no position today on that aspect of the Seventh Circuit's analysis.

The purposes behind Rule 59(e), as well as the mechanics of its operation, counsel in favor of the nonapplicability of second-or-successive limitations. The ten-day limit of Rule 59(e)[1] applies to an inherent power that a district court has even prior to the entry of judgment. *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008). That power is "distinct from the power explicitly granted by Rule 60 to reopen cases well after final judgment has been entered." *Id.* Under Fed. R. App. P. 4(a)(4)(A)(iv), a timely Rule 59(e) motion automatically tolls the period for filing a notice of appeal. Because a Rule 59(e) motion only "operates to suspend the finality of the [district] court's judgment," *Miltimore Sales, Inc.*, 412 F.3d at 688 (quoting *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 267 (1978)), it is not a collateral action. Conversely, a Rule 60(b) motion filed more than ten days after entry of final judgment does not toll the deadline for appeals, and thus does not prevent a judgment from becoming final. *Stone v. INS*, 514 U.S. 386, 401 (1995); *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 133 (6th Cir. 2007).

Second, extending the holding of *Gonzalez* to Rule 59(e) motions would attribute to Congress the unlikely intent to preclude broadly the reconsideration of just-entered judgments. The purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988) (quoting *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986)). If the holding of *Gonzalez* applied to Rule 59(e) motions, it would almost always be effectively impossible for a district court to correct flaws in its reasoning, even when the problems were immediately pointed out and could be easily fixed by that court. Court of appeals permission would be required, and could only be granted in the extremely limited circumstances provided by 28 U.S.C. § 2255(h).

Our holding will not permit defendants to use post-judgment motions to subvert statutory limits on filing multiple motions for habeas relief, as the limits on the availability of Rule 59(e) relief are substantial. Most significantly, a petitioner has only ten days within which to file a Rule 59(e) motion, and even then may request only that the district court reconsider matters actually raised before it. This is because, as this court has repeatedly held, Rule 59(e) motions cannot be

---

[1] Although Rule 59(e) states that a motion under that rule must be filed within ten days, a party actually has a minimum of fourteen calendar days within which to file. *Miltimore Sales, Inc. v. Int'l Rectifier, Inc.*, 412 F.3d 685, 691 (6th Cir. 2005). This is because, pursuant to Fed. R. Civ. P. 6(a), the ten-day period does not include the day of the event or any intermediate Saturdays, Sundays, or legal holidays.

used to present new arguments that could have been raised prior to judgment. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Rule 59(e) allows for reconsideration; it does not permit parties to effectively "re-argue a case." *Sault Ste. Marie Tribe*, 146 F.3d at 374. Indeed, it appears in this case that the district court may well deny the Rule 59(e) motion on that ground. (The *Montanez* decision, upon which Howard bases his claim for post-judgment relief, was decided before Howard even filed his motion to vacate sentence, and Howard could have, and arguably should have, raised this argument earlier.)

Nor does our ruling undermine the time limits for seeking habeas relief. Any attempt to raise a new claim for relief in a Rule 15 motion to amend pleadings is subject to AEDPA's one-year statute of limitations. *See* 28 U.S.C. § 2244(d); § 2255(f). Consequently, a Rule 15 motion will be denied where it is filed after that period expires unless the proposed amendment relates back to the date of the original pleading within the meaning of Rule 15(c)(2). *See Wiedbrauk v. Lavigne*, 174 F. App'x 993, 1001-02 (6th Cir. 2006); *Oleson v. United States*, 27 F. App'x 566, 571 (6th Cir. 2001). A claim that "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth" will not so relate back. *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Importantly, this limitation applies whether the Rule 15 motion is filed prior to entry of final judgment, or immediately after judgment in connection with a Rule 59(e) motion.

Finally, we recognize that language in cases from the Fourth, Eighth, and Tenth Circuits indicates that *Gonzalez* applies with equal force to Rule 59(e) motions. *See United States v. Pedraza*, 466 F.3d 932, 933-34 (10th Cir. 2006); *United States v. Hahn*, 191 F. App'x 758, 760, 762 (10th Cir. 2006); *Williams v. Norris*, 461 F.3d 999, 1004 (8th Cir. 2006); *United States v. Martin*, 132 F. App'x 450, 451 (4th Cir. 2005).[2] Nonetheless, for the reasons explained above, we conclude that a timely Rule 59(e) motion, whether or not it should properly be denied on its merits, does not require a transfer to this court to determine whether the requirements of § 2255(h) are met.

The motion is therefore transferred back to the district court for further proceedings consistent with this opinion.

---

[2]The *Pedraza* case involved a Rule 59(e) motion to reconsider a district court order that itself transferred to the court of appeals an earlier (clearly Rule 60(b)) motion as second-or-successive. 466 F.3d at 933. Such a hybrid situation is not presented here. The *Williams* court focused on rejecting an argument that the district court's technical failure to have entered a separate judgment could keep a motion for reconsideration from being considered a second or successive habeas motion. 461 F.3d at 1001-1002. Such a no-separate-judgment argument is not presented in this case.

_____

**DISSENT**

_____

BOGGS, Chief Judge, dissenting. While I recognize the attraction of a clear rule that a Rule 59(e) motion to alter or amend judgment will never be treated as a second or successive habeas petition, I simply do not see how that principle can be sustained in every case.

I think it is clear that not every Rule 59(e) motion should be treated as a second habeas. If that were so, it would vitiate the proper office that Rule 59(e) fills: allowing a litigant to bring to the attention of a district judge errors, whether of fact, law, or interpretation, in the judge's decision on the case as it was put before him. If every 59(e) motion were a successive petition requiring Court of Appeals permission, the rule would functionally have been repealed in habeas cases by AEDPA, and there is no sign that anyone thought that such would be the result.

At the same time, I do not see how many filings *labeled* as 59(e) motions can escape being ruled out by the basic premise of AEDPA: that all habeas claims should generally be brought at one time and that piecemeal habeas litigation should be discouraged to the greatest extent possible, permitted only by Court of Appeals permission. Thus, when a party labels a filing as a 59(e) motion (and files within ten days of the denial of an earlier habeas) it would be anomalous to say that the petition must be entertained even though it is based on wholly new claims that could just as well have been labeled a second petition. In other words, a document that would clearly require Court of Appeals permission to be filed and considered cannot be saved simply because exactly the same document is filed within ten days of the denial of a prior habeas.

Given these two, to my mind incontrovertible, propositions, the district court is necessarily left with the task, at times difficult, though not overly onerous, of determining what is a proper Rule 59(e) motion. It seems to me that the district court properly carried out its function in this case, found the purported 59(e) motion to fail the basic test for a proper such motion — it raises new claims, and does not simply address itself to correcting the alleged errors made by the district court in its consideration of earlier claims — and transferred the case to us. I would affirm that decision, consider the matter on its merits under the AEPDA standard for second or successive petitions, and deny the motion, in accordance with the established procedure of at least three of our sister circuits. *See United States v. Pedraza*, 466 F.3d 932 (10th Cir. 2006); *United States v. Lambros*, 404 F.3d 1034 (8th Cir. 2005); *United States v. Martin*, 132 F. App'x 450 (4th Cir. 2005).

The only precedential support for our ruling today, the Seventh Circuit's decision in *Curry v. United States*, does not persuade me to the contrary. As the majority candidly notes, at page 3, *Curry* is not a square holding because it found the purported motion to be, in fact, a Rule 60(b) motion that was barred by AEDPA, without circuit permission. Indeed, *Curry* expressly recognized that a motion, like Howard's, that "does not seek to alter or amend (in other words, to reconsider and revise) the [district court's] judgment" is not *substantively* a Rule 59(e) motion and should not be treated as such. *Curry v. United States*, 307 F.3d 664, 666 (7th Cir. 2002).

Ironically, the court's opinion does not appear to quarrel with my basic analysis. It specifically discusses, at page 4, the fact that Rule 59(e) motions "cannot be used to present new arguments that could have been raised prior to judgment." Yet it appears clearly that this is just such a case. As the majority notes on page 1, petitioner asked for reconsideration "so that he could amend his motion to vacate sentence to allege, *for the first time*, errors in his sentencing" (emphasis added) and the majority then states that the "district court may well deny the Rule 59(e) motion on that ground." (page 4).

Thus, the only practical effect of this decision is to require the newly raised matters (wrongly labeled a 59(e) motion) to be ruled on by the district court, then to be subject to appeal and en banc rehearing on their merits, rather than having a circuit panel either allow them to go forward, or, in most instances, put them completely to rest, not subject to en banc rehearing or petition for certiorari, pursuant to 28 U.S.C. § 2244(b)(3)(E).

This result does not appear to me to comport with the language or purpose of AEDPA, and I therefore respectfully dissent.