GRIFFIN, Circuit Judge,
dissenting.
I respectfully dissent. I agree with the unanimous rulings of the district court and Tennessee trial and appellate courts that Hough’s post-conviction filings, including his present habeas petition, were untimely under the evidence properly before them. Therefore, I would affirm the district court’s dismissal of Hough’s habeas petition challenging his now fourteen-year-old convictions for simple possession and sale of controlled substances.
I.
At the outset, it is undisputed that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs our review and requires Hough to have filed his application for a writ of habeas corpus not later than one year after “the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]” 28 U.S.C. § 2244(d)(1)(A). Hough concedes, and the majority acknowledges, that the one-year limitation period expired on March 14, 2005, and that his August 2005 federal habeas petition was therefore untimely by almost five months unless he can demonstrate that the limitation period was tolled by the pendency of “a properly filed application for State post-conviction or other collateral review[.]” 28 U.S.C. § 2244(d)(2).
A.
Although the majority does not address it, Hough first attempts to circumvent § 2244(d)(l)(A)’s one-year deadline by arguing that his February 27, 2004, motion to reopen his first post-conviction petition tolled the limitation period. The district court ruled that the motion was not “properly filed” because it was untimely, thereby precluding tolling. Hough v. Carlton, No. 2:05-CV-207, 2006 WL 2583562, at *2-3, 2006 U.S. Dist. LEXIS 63943, at *7 (E.D.Tenn. Sept. 6, 2006). I agree.
The Supreme Court has held that “time limits, no matter their form, are ‘filing’ conditions.” Pace v. DiGuglielmo, 544 U.S. 408, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (holding that an untimely habeas petition was not “properly filed” under § 2244(d)(2)). In addition, the Court has held that “an application is ‘properly filed’ [under § 2244(d)(2) ] when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.” *524 Artuz v. Bennett, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000).
The Tennessee trial and appellate courts ruled that Hough’s February 2001 post-conviction motions seeking “delayed” appeals of his convictions (which his February 2004 motion attempted to reopen) were time-barred and failed to comply with post-conviction procedures under Tennessee law. The Tennessee appellate court further emphasized that Hough’s post-conviction motions were not only untimely, but they were late by nearly five years.
Hough’s February 2004 motion to reopen his February 2001 post-conviction motions suffered a similar defeat. The Tennessee trial court dismissed the motion as time-barred. The Tennessee appellate court affirmed and ruled that Hough’s application for permission to appeal was itself untimely.
Hough’s sole contention is that the Tennessee courts erred in characterizing his motions as time-barred. However, that argument is fatally flawed because it requires this court to rule that the Tennessee courts erroneously interpreted Tennessee law. In Pace, the Supreme Court held that “[w]hen a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of§ 2244(d)(2).” 544 U.S. at 414, 125 S.Ct. 1807 (quoting Carey v. Saffold, 536 U.S. 214, 226, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002)) (internal quotation marks omitted) (emphasis added). Consistent with Pace’s directive, the Tennessee courts’ unanimous, repeated, and unambiguous rulings that Hough’s motions were time-barred is “the end of the matter for purposes of § 2244(d)(2)” and may not be second-guessed by this court. For this reason, the district court correctly ruled that Hough’s February 27, 2004, motion to reopen did not toll the one-year filing deadline.
B.
Hough alternatively contends that his second post-conviction petition filed on October 7, 2004, tolled the one-year limitation period in § 2244(d)(1)(A). The majority remands the case to the district court to consider the October 2004 petition, holding that the petition was part of the record because Hough submitted a time-stamped copy to the district court before it entered judgment. I respectfully disagree with the factual and legal bases of that decision.
Contrary to the majority’s assertion, the district court’s opinion and judgment dismissing Hough’s habeas petition as untimely made no mention of the October 2004 petition because the petition was not part of the record at that time — Hough failed to make reference to it, let alone attach it as an exhibit or argue its significance to the tolling issue, in his response to the government’s second renewed motion to dismiss his habeas petition.[1] In fact, Hough concedes that the first time he submitted a date-stamped copy of his October 2004 petition to the district court was in his notice of appeal/request for certificate of appealability.
Even after the district court entered judgment, Hough again neither mentioned the October 2004 petition nor submitted a copy of it with his motion and amended motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. Despite his error, the district court prudently considered the late and mis-filed copy of the October 2004 petition that was attached to Hough’s notice of appeal as *525 part of his request for reconsideration, and it ruled correctly that the petition did not qualify as “newly discovered evidence” (“Hough would have known he had filed the [October 2004] petition before the judgment entered ....”) or “establish any of the other criteria for granting a Rule 59(e) motion.” Thereafter, the district court properly denied Hough’s subsequent motion for reconsideration because it lacked jurisdiction over the case which was now on appeal in this court.
The majority’s decision to remand this case to consider the October 2004 petition contravenes the requirements of Rule 59(e). Simply because a document is part of the record does not mean that it can or should be considered. We have held that “[t]he purpose of Rule 59[ (e) ] is to allow the district court to correct its own, errors[,]” York v. Tate, 858 F.2d 322, 326 (6th Cir.1988) (citation omitted) (emphasis added), not to allow a party “to present new arguments that could have been raised prior to judgment.” Howard v. United States, 533 F.3d 472, 475 (6th Cir.2008). In other words, “Rule 59(e) allows for reconsideration; it does not permit parties to effectively ‘re-argue a case.’” Howard, 533 F.3d at 475 (quoting Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir.1998)). The district court ruled correctly that Hough’s October 2004 petition was not newly discovered evidence because Hough obviously would have known about his own petition. See GenCorp, Inc. v. American Int’l Underwriters, 178 F.3d 804, 834 (6th Cir.1999) (“To constitute ‘newly discovered evidence,’ the evidence must have been previously unavailable”).
The majority’s considerations to the contrary do not justify ignoring Rule 59(e)’s requirements. Despite ample opportunities to provide the court with the October 2004 petition or even make reference to it, Hough failed to do so. In our adversarial system, it was incumbent upon Hough, the party requesting relief, to present and argue his case to the district court. His failure to do so requires affirmance of the district court’s dismissal of his habeas petition. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987) (affirming district court’s denial of petition for writ of habeas corpus and refusing to consider petitioner’s claim under the “well established principle of appellate review that appellate courts do not address claims not properly presented below.”) (emphasis added). For these reasons, the district court did not abuse its discretion in denying Hough’s motion to alter or amend the judgment. See Sault Ste. Marie Tribe of Chippewa Indians, 146 F.3d at 374 (“A denial of a motion to alter or amend a judgment under Rule 59(e) is typically reviewed for abuse of discretion.”).
II.
I would affirm the district court’s judgment and therefore respectfully dissent.

. Hough's appellate brief states: "On March 13, 2006, Hough filed a Response to the State's Motion to Dismiss, including numerous attachments.” Revealingly, Hough does not assert that one of those attachments was the October 2004 petition.