RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 15a0211p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

THEODORE JACKSON,

*Petitioner-Appellant,*

v.

Nos. 15-3775/3776

BRIGHAM SLOAN, Warden,

*Respondent-Appellee.*

───────────────

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:15-cv-00870—James S. Gwin, District Judge.

Decided and Filed: August 26, 2015

Before: BOGGS, SUHRHEINRICH, and SUTTON, Circuit Judges.

───────────────

## ORDER

───────────────

SUTTON, Circuit Judge. Theodore Jackson, an Ohio state inmate, racked up a lengthy prison sentence by continually violating the terms of his parole. Facing up to 26 years behind bars, he filed a habeas petition in federal court to challenge his detention in 2013. It gained no traction. *See Jackson v. Sloan*, No. 14-3955 (6th Cir. Apr. 10, 2015) (unpublished order). Jackson tried again by filing two more habeas petitions in April and May 2015, but the district court thought they counted as second or successive and transferred them to our court. *See* 28 U.S.C. §§ 1631, 2244(b)(3)(A); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Jackson did not like that. He filed "motion[s] for relief from" the judgments in each case asking the district court to reconsider the transfer orders. No. 15-3775, R. 6 at 1; No. 15-3776, R. 5 at 1. The district court denied both motions. Jackson appeals.

1

*Howard v. United States*, 533 F.3d 472 (6th Cir. 2008), lays out our court's general procedure for reviewing second-or-successive transfer orders. We "treat the transfer order as non-appealable" and "consider in the transferred case whether [the] transfer was necessary or appropriate." *Id.* at 474; *see, e.g.*, *In re West*, 402 F. App'x 77, 78–79 (6th Cir. 2010); *McGhee v. Myers*, 1999 WL 644374, at *1 (6th Cir. Aug. 18, 1999) (unpublished table disposition). That approach is a sound one, but it does not help us here. Why not? Because Jackson appeals the *denial of his motion for relief* from the transfer order, not the *transfer order* itself. This case thus presents a separate question, one that to our knowledge we have yet to address. *See Keith v. Bobby*, 618 F.3d 594, 602 (6th Cir. 2010) (Gibbons, J., concurring). Do appeals from the denial of motions to reconsider second-or-successive transfer orders face any jurisdictional barriers?

The answer, we think, is yes. The problem stems not from *our* lack of jurisdiction, as with direct appeals from transfer orders, but rather from the *district court's* lack of jurisdiction. When a district court transfers a second-or-successive habeas petition, the case travels from one court (here the Northern District of Ohio) to another (here the Sixth Circuit). *See* 28 U.S.C. § 1631. Such inter-court transfers, to borrow the Supreme Court's language from a similar context, are "event[s] of jurisdictional significance." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). "Jurisdiction follows the file," we have said, meaning that the one court loses jurisdiction and the other court gains it when a case file physically moves between courts. *Miller v. Toyota Motor Corp.*, 554 F.3d 653, 654 (6th Cir. 2009); *see also Agostini v. Piper Aircraft Corp.*, 729 F.3d 350, 355 (3d Cir. 2013); *Jones v. InfoCure Corp.*, 310 F.3d 529, 533 (7th Cir. 2002); Wright & Miller, *Federal Practice and Procedure* § 3846 (4th ed. 2014).

This rule, it is true, usually arises with transfers under 28 U.S.C. § 1404. That statute allows "a district court [to] transfer any civil action to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). But we see no reason to adopt a different approach with second-or-successive transfers under 28 U.S.C. § 1631, which orders courts to "transfer [any] action or appeal" over which they lack jurisdiction "to any other [] court in which the action or appeal could have been brought" if doing so "is in the interest of justice." Nothing in the text of the two

statutes suggests that transfers under § 1404 should have jurisdictional consequences and those under § 1631 should not.  If anything it should be the other way around.  Transfers under § 1631 exist after all to "cure [a] want of jurisdiction."

Using the same approach under both statutes makes things easier on judges and litigants alike.  We already apply the same basic rule to the most common transition between a district court and a court of appeals—an appeal from a final judgment.  *See Griggs*, 459 U.S. at 58; *see also* Fed. R. App. P. 3, 4.  Granted, this case concerns *transfers*, not *appeals*, but the contexts are similar.  Plus, applying this rule to second-or-successive transfer orders promotes efficiency.  It saves district courts the trouble of reconsidering whether a habeas petition counts as second or successive while a panel of our court considers the same question at the same time.  *See Howard*, 533 F.3d at 474.

The district court, as we see it, lost jurisdiction over Jackson's habeas petitions when each petition was physically transferred to the Sixth Circuit.  When exactly did the physical transfer occur?  A simple rule of thumb provides the answer.  A case is physically transferred as soon as the transferee court (that's us) dockets the case.  *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516–17 (10th Cir. 1991); *Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir. 1987).  We docketed Jackson's potentially second-or-successive habeas petitions on May 19, 2015.  Jackson filed his motions for relief from judgment on June 29, 2015.  By then the case had left the district court's hands, meaning it lacked jurisdiction to consider Jackson's motions.

That leaves one loose end.  In one case (No. 15-3775), Jackson appealed from the district court's order of "July 6, 2015."  R. 9 at 1.  But no such order existed.  The district court denied Jackson's motion on *July 8*.  "[F]unctional rather than formalistic compliance" with Appellate Rule 3 "is all that is required," *Isert v. Ford Motor Co.*, 461 F.3d 756, 759 (6th Cir. 2006), and we have no reason to believe that the incorrect date "misle[d] or prejudice[d]" the defendant. *Foman v. Davis*, 371 U.S. 178, 181 (1962); *cf. Flieger v. Delo*, 16 F.3d 878, 882 (8th Cir. 1994); *Schneider v. Colegio de Abogados*, 917 F.2d 620, 630 (1st Cir. 1990).

For these reasons, we vacate the district court's orders from July 8, 2015, and remand with instructions to dismiss Jackson's motions for relief from the transfer orders for lack of jurisdiction.