RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 24a0120p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

IN RE: ROY CHRISTOPHER WEST,

                *Movant.*              No. 23-1792

Transferred as a Motion for Leave to File a Second or Successive
Motion to Vacate, Set Aside, or Correct Sentence.

United States District Court for the Eastern District of Michigan at Detroit.
Nos. 2:06-cr-20185-1; 2:14-cv-14748—Victoria A. Roberts, District Judge.

Decided and Filed: May 29, 2024

Before: STRANCH, BUSH, and MATHIS, Circuit Judges.

─────────────

## COUNSEL

**ON MOTION CONSTRUED AS A MOTION FOR LEAVE TO FILE A SECOND OR SUCCESSIVE MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE, CORRECTED MOTION, AND REPLY:** Craig A. Daly, CRAIG A. DALY, P.C., Royal Oak, Michigan, Roy Christopher West, Milan, Michigan, pro se. **ON RESPONSE:** Jessica V. Currie, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for the United States.

─────────────

## OPINION

─────────────

JANE B. STRANCH, Circuit Judge. Roy Christopher West is serving a sentence of life imprisonment without the possibility of parole for a conviction that the district judge who oversaw his prosecution has now attributed to a sentencing error. In the district court's words, "Errors on the part of competent people – prosecutors, defense counsel, probation officers and, ultimately, this judge at the time of sentencing – resulted in the imposition of a sentence in violation of the law on West. Even skilled appellate counsel failed to raise the sentencing error."

*United States v. West*, No. 06-20185, 2022 WL 16743864, at *1 (E.D. Mich. Nov. 7, 2022), *rev'd and remanded*, 70 F.4th 341 (6th Cir. 2023), *cert. denied*, No. 23-5698, 2024 WL 759833 (U.S. Feb. 26, 2024). The consequence is that West "is in year 17 of a life without parole sentence" when the "indictment and case submitted to the jury should have netted West not more than ten years in prison." *Id.*

West's conviction and unlawful sentence stem from his 2010 indictment on a charge of conspiracy to use interstate commerce facilities in the commission of murder for hire. *United States v. West*, 534 F. App'x 280, 281 (6th Cir. 2013). West was tried on the charge twice. *Id.* at 283. At his first trial, West was tried with his brother as a co-defendant. *Id.* His brother was acquitted, but the jury failed to reach a verdict on the charge against West and the court declared a mistrial. *Id.* At his second trial, West was convicted. *Id.* The district court sentenced him to life imprisonment without the possibility of parole. *Id.*

The district court sentenced West under the federal murder-for-hire statute, which imposes a sentence of life imprisonment in cases where "death results." 18 U.S.C. § 1958(a). West's indictment, however, "did not include any allegation that personal injury or death actually resulted from the conspiracy" and "did not charge West with any substantive count requiring the jury to decide if murder occurred." *West*, 2022 WL 16743864, at *2. The jury was not instructed that death was an element of West's offense, was not asked to determine whether West's offense resulted in death, and returned no special finding on the issue. *Id.* "The government failed to properly charge West with the 'death results' enhancement under § 1958; trial counsel failed to submit a verdict form for the jury to answer the death question; the Probation Department erroneously concluded that the conviction carried a mandatory life sentence; and" the district judge "did not notice that the 'death results' enhancement was not submitted to the jury." *Id.* at *7. Sentencing West to life imprisonment under these circumstances—when the conviction the jury actually returned "carried a statutory maximum penalty of ten years"—violated West's "constitutional rights as set forth in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)." *Id.* at *1, *3, *6.

West has spent the years since trying to remedy this constitutional error. He started by moving to vacate his sentence under 28 U.S.C. § 2255, contending, among other things, that trial

counsel was ineffective for failing to investigate a causation defense.  The district court denied that motion, however, explaining incorrectly that death was "not pertinent to West's criminal charge" and that "death was not an element of this offense."  *United States v. West*, No. 06-20185, 2017 WL 130286, at *7 (E.D. Mich. Jan. 13, 2017).

West then moved for compassionate release, arguing that his unconstitutionally imposed life sentence, combined with his rehabilitation while incarcerated, created an extraordinary and compelling circumstance that warranted a sentence reduction.  *West*, 2022 WL 16743864, at *1. The district court, now aware of the defect in West's conviction, agreed, concluding that "[j]ustice and faith in our judicial system demand" correcting West's sentence.  *Id.*  It granted West's motion and reduced his sentence to time served.  *Id.* at *8.  The Government appealed, however, and we reversed, holding that compassionate release could not be used "as a vehicle for second or successive § 2255 motions."  *West*, 70 F.4th at 343.

West now seeks relief from judgment under Federal Rule of Civil Procedure 60(b).  *See United States v. West*, No. 06-20185, 2023 WL 5624625, at *1 (E.D. Mich. Aug. 30, 2023).  The Government opposed West's motion in the district court, arguing that it was for all intents and purposes a second or successive § 2255 motion that should be transferred to this court.  *Id.*  The district court agreed, construed West's motion as a second or successive § 2255 motion, and transferred it.  *Id.* at *1-3.  West opposes the transfer and asks us to remand to the district court for a ruling on the merits of his Rule 60(b) motion.  He also, at our direction, filed a corrected motion seeking authorization to file a second or successive § 2255 petition.

The threshold task when a Rule 60(b) motion is transferred to this court as a second or successive § 2255 motion is determining whether transfer was appropriate.  *See Howard v. United States*, 533 F.3d 472, 474 (6th Cir. 2008).

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case," in limited circumstances.  *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  The Rule enumerates five specific instances in which relief may be warranted, followed by a catchall covering "any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  Relief under the catchall provision may be granted in "extraordinary circumstances."  *Gonzalez*, 545 U.S. at 536.

Extraordinary circumstances, for purposes of Rule 60(b)(6), "will rarely occur in the habeas context"—but they are not unheard of. *Buck v. Davis*, 580 U.S. 100, 112-13 (2017) (quoting *Gonzalez*, 545 U.S. at 535). Courts considering whether extraordinary circumstances exist "may consider a wide range of factors," including "'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Id.* at 123 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988)). The Rule creates "an equitable remedy to be decided as a 'case-by-case inquiry' that 'intensively balances numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts.'" *Mitchell v. Genovese*, 974 F.3d 638, 643 (6th Cir. 2020) (cleaned up) (quoting *Miller v. Mays*, 879 F.3d 691, 698 (6th Cir. 2018)). These factors have merited relief in the post-conviction posture when constitutional infirmities in criminal proceedings were so extraordinary that they "'poison[ed] public confidence' in the judicial process," *Buck*, 580 U.S. at 124 (quoting *Davis v. Ayala*, 576 U.S. 257, 285 (2015)), or produced a "judicial travesty," *Mitchell*, 974 F.3d at 651.

At the same time, however, Rule 60(b) cannot be used to circumvent the stringent requirements for post-conviction relief. *See In re Nailor*, 487 F.3d 1018, 1022-23 (6th Cir. 2007). A Rule 60(b) motion that "is in substance a successive habeas petition" must "be treated accordingly." *Gonzalez*, 545 U.S. at 531. For practical purposes, the motion is a habeas petition when it "advances one or more 'claims.'" *Id.* at 532. A claim is present when the motion "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits." *Id.* (emphasis omitted).

West's Rule 60(b) motion in this case is trained on the "injustice" to himself and the risk to public "confidence in the judicial process" that could accrue were his unconstitutional life sentence permitted to stand. *See Buck*, 580 U.S. at 123 (quoting *Liljeberg*, 486 U.S. at 864). West essentially contends that, separate and apart from any claim of constitutionally deficient counsel, a sentencing judge's acknowledgement in non-habeas post-conviction proceedings that a prisoner is serving an unconstitutionally imposed life sentence is both so unique and so extraordinary—with such grave consequences for the prisoner himself and the judicial system more broadly—that it supplies a freestanding basis for relief under Rule 60(b)(6). He also argues

that the Government's conduct in this case raises the specter of fraud on the court, an allegation capable of supplying a separate and independent basis for Rule 60(b)(6) relief.  *Gonzalez*, 545 U.S. at 532; *see Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009) ("A Rule 60(b)(6) motion is an appropriate vehicle to bring forward a claim for fraud on the court.").  Whatever the district court, exercising its "wide discretion," concludes as to the merits of these claims, they are bona fide Rule 60(b) arguments, not habeas claims in disguise, and should be considered as such. *See Buck*, 580 U.S. at 123.

For these reasons, the district court's order construing West's motion as a second or successive § 2255 motion is **VACATED** and the motion is **REMANDED** to the district court to consider under Rule 60(b).