**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

KIRK RISHOR,

*Petitioner-Appellee*,

v.

BOB FERGUSON, Attorney General for the State of Washington,

*Respondent-Appellant*.

No. 14-36071

D.C. No. 2:11-cv-01492-MJP

OPINION

Appeal from the United States District Court for the Western District of Washington Marsha J. Pechman, Chief District Judge, Presiding

Argued and Submitted December 11, 2015—Seattle, Washington

Filed May 6, 2016

Before: Michael Daly Hawkins and Richard C. Tallman, Circuit Judges and Joan Humphrey Lefkow,[*] Senior District Judge.

Opinion by Judge Tallman

---

[*] The Honorable Joan Humphrey Lefkow, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

# SUMMARY[**]

## Habeas Corpus

The panel reversed the district court's judgment granting, on reconsideration, habeas corpus relief to Kirk Rishor – who, on remand from the Washington Court of Appeals, pled guilty to second degree assault – and remanded for reinstatement of the district court's judgment denying habeas relief.

The panel held that a motion pursuant to Fed. R. Civ. P. 59(e) that raises entirely new claims should be construed as a second or successive habeas petition subject to AEDPA's restrictions; and that a Rule 59(e) motion raises a "new claim" when it seeks to add a ground for relief not articulated in the original federal habeas petition, presents newly discovered evidence, or seeks relief based on a subsequent change in the law. The panel wrote that, in contrast, a timely Rule 59(e) motion that asks the district court to "correct manifest errors of law or fact upon which the judgment rests" should not be construed as a second or successive petition.

The panel held that Rishor's Rule 59(e) motion – which asked the district court to reconsider whether the state court violated clearly established federal law (1) by holding that Rishor had validly waived counsel on remand, and (2) by holding that the prosecution did not violate double jeopardy principles on remand – did not raise "new claims," and that the district court therefore had jurisdiction to consider the

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

post-judgment motion in the first instance without seeking pre-certification by the Court of Appeals under 28 U.S.C. § 2244(b)(3)(A).

Applying AEDPA review on the merits, the panel held that the district court abused its discretion by granting reconsideration and awarding Rishor habeas relief. As to Rishor's waiver of counsel claim, the panel held that the district court erred by finding that the United States Supreme Court had authored clearly established law on whether a defendant, who has validly waived counsel before his first trial, is entitled to a second *Faretta* hearing on remand. The panel could not say that the Washington Supreme Court's alternative holding – that Rishor was not prejudiced by the court's failure to secure a second waiver of counsel – was contrary to, or an unreasonable application of, clearly established federal law.

The panel held that the district court also erred in granting habeas relief on Rishor's claim that the state improperly re-filed first degree assault charges on remand in violation of his rights under the Double Jeopardy Clause. The panel could not say that the Washington Supreme Court's determination that Rishor's guilty plea to second degree assault was "wholly voluntary" was based on an unreasonable determination of the facts in light of the evidence, or was contrary to, or involved an unreasonable application of clearly established federal law. The panel explained that the fact that the state re-charged Rishor with first degree assault does not undermine the voluntariness of his guilty plea to second degree assault. The panel concluded that since this court must defer to the Washington Supreme Court's decision that Rishor's guilty plea was valid, Rishor could not attack his

conviction based on a constitutional violation that occurred prior to his guilty plea.

## COUNSEL

Alex Kostin (argued), Assistant Attorney General; Robert W. Ferguson, Attorney General, Olympia, Washington, for Respondent-Appellant.

Todd Maybrown, Allen, Hansen & Maybrown, Seattle, Washington, for Petitioner-Appellee.

## OPINION

TALLMAN, Circuit Judge:

Kirk Rishor waived counsel and represented himself during his 2004 trial in Washington's Whatcom County Superior Court on charges of first degree assault, second degree assault, and unlawful possession of a firearm. The jury convicted him on the unlawful possession charge but acquitted him on the two charged counts of second degree assault. The jury, however, impliedly acquitted Rishor on first degree assault, and convicted him instead of the lesser-included offense of second degree assault.

Rishor's conviction was reversed by the Washington Court of Appeals, and on remand, Rishor pled guilty to second degree assault. Despite pleading guilty, Rishor commenced a series of post-judgment motions in superior court challenging his conviction. After exhausting review of his conviction in state court, Rishor petitioned the federal

district court for habeas relief under 28 U.S.C. § 2254, arguing that he did not validly waive counsel and that the State violated double jeopardy principles on remand. The district court initially dismissed Rishor's habeas petition with prejudice, and Rishor then filed a motion for reconsideration. In 2014, nearly a year later, the district court granted Rishor's motion for reconsideration, vacated its prior judgment, and granted habeas relief. We now reverse the district court's judgment and remand for reinstatement of the judgment denying habeas relief.

## I

In May 2004, Kirk Rishor proceeded to trial in Whatcom County Superior Court on charges of first degree assault (count 1), second degree assault (counts 2 and 3), and first degree unlawful possession of a firearm (count 4). In a pre-trial hearing, Rishor informed Judge Steven J. Mura, the superior court judge assigned to the trial, that he wished to proceed pro se. Judge Mura fully advised Rishor of the risks and responsibilities associated with self-representation and attempted to dissuade Rishor from waiving counsel. Specifically, Judge Mura informed Rishor that he would not be able to claim ineffective assistance of counsel on appeal, that he would be responsible for putting together proposed jury instructions, and that he would be bound by the same rules as lawyers—including the rules of evidence and ethics. Judge Mura and Rishor also engaged in the following colloquy:

> THE COURT: [I]n my 30 years of being on both sides of the courtroom as a defense counsel, prosecutor and now 12 years as a judge in a criminal case I have never seen

anybody who has ever represented themselves competently; do you understand that?

THE DEFENDANT: Yes, I do.

THE COURT: If you represent yourself incompetently you're stuck with you and you suffer the consequences. The consequences if convicted, the State informs me, is a sentence of life without possibility of parole.

THE DEFENDANT: Yes, sir.  I fully understand that.

THE COURT: And that as a practical matter if you represent yourself—and this is just me talking up here.

THE DEFENDANT: Okay.

THE COURT: As a practical matter the court might as well sign an order sending you to prison without possibility of parole right now because you're going to screw your case up; do you understand that?

Despite these warnings, Rishor confirmed his desire to proceed pro se, Judge Mura approved the request, and Rishor (assisted by standby counsel) ably represented himself throughout his jury trial.

Ultimately, the jury acquitted Rishor on the two charged counts of second degree assault (counts 2 and 3) and convicted him on the charge of unlawful possession of a

firearm (count 4). The jury, however, impliedly acquitted Rishor on the greater charge of first degree assault (count 1)[1] and convicted Rishor of the lesser-included offense of second degree assault. The jury also made a special finding that Rishor was armed with a firearm at the time of the assault. Rishor was sentenced to 115 months confinement on the assault charge, which included 36 months for the weapon enhancement, and 102 months on the unlawful possession charge. All sentences were ordered to run concurrently.

On direct review, the Washington Court of Appeals reversed Rishor's second degree assault conviction due to erroneous jury instructions and remanded the case back to the superior court for a new trial on that charge. On November 2, 2006, the parties again met with Judge Mura, the same judge who had presided over Rishor's first trial, to "reiterate [Rishor's] request to proceed in a pro se basis." At this initial hearing on remand, Rishor requested that Thomas Fryer be appointed as his standby counsel to assist him with filing motions from jail because incarceration made it difficult for Rishor to do so. Judge Mura instructed Rishor to draft an order appointing Fryer as standby counsel, which Rishor subsequently prepared and filed with the court several days later.

On remand, the State initially filed a first amended information charging Rishor with one count of first degree

---

[1] Here, the jury failed to reach a verdict on first degree assault and, instead, convicted Rishor of the lesser charge of second degree assault. This amounts to an implied acquittal under our decision in *Brazzel v. Washington*, which held that "when a jury convicts on a lesser alternate charge and fails to reach a verdict on the greater charge . . . the jury's silence on the second charge is an implied acquittal." 491 F.3d 976, 978 (9th Cir. 2007) (citation omitted).

assault while armed with a deadly weapon, the same conduct
for which the jury impliedly acquitted Rishor at his first trial.
On January 8, 2007, the State filed a second amended
information charging Rishor with second degree assault
without a firearm allegation, and that same day Rishor
entered a guilty plea to that unenhanced charge. At his plea
hearing, Rishor explained that he was pleading guilty "freely
and voluntarily." He acknowledged that the plea agreement
allowed him to avoid the weapon enhancement. He also
stated that he wanted to take the plea so that his daughter,
who was about to start college, would not have to come back
for a second trial. The court imposed an 84-month sentence
on the second degree assault charge, which was ordered to
run concurrently with Rishor's 102-month unlawful
possession conviction.

Rishor then, through counsel, appealed his new sentence
to the Washington Court of Appeals, arguing that the
prosecutor breached the plea agreement by urging the trial
court to impose a higher sentence on the unlawful possession
charge.[2] The Washington Court of Appeals affirmed Rishor's
judgment and sentence, and Rishor did not seek further
review from the Washington Supreme Court.

On January 10, 2008, Rishor filed a motion to withdraw
his guilty plea and a state habeas petition in Whatcom County
Superior Court. In his post-judgment motion and state habeas
petition, Rishor argued that he was not formally arraigned on

---

[2] At his second sentencing hearing, Rishor asked the court to impose an
84-month sentence on the unlawful possession charge and the State
recommended a new sentence of 115 months. The court rejected both
recommendations and imposed the same concurrent sentence of 102
months as it had done previously.

remand, he was coerced into pleading guilty, and he did not adequately waive his right to counsel following remand. Rishor's post-judgment motion and petition were eventually transferred to the Washington Court of Appeals for consideration as a collateral state habeas petition, called a "personal restraint petition" (PRP), which was dismissed on March 8, 2010.

On September 9, 2010, the Washington Supreme Court denied Rishor's motion for discretionary review. Relevant to this appeal, the Washington Supreme Court found that Rishor had validly waived his right to counsel before his original trial and that Rishor was "more than ready to proceed pro se" on remand. The court also found that Rishor's standby counsel had waived Rishor's right to first appearance and formal arraignment on remand. Finally, the court rejected Rishor's claim that he was coerced into pleading guilty and found that Rishor's plea was "wholly voluntary."

Next, Rishor filed a federal habeas corpus petition under 28 U.S.C. § 2254 in the United States District Court for the Western District of Washington. Rishor alleged that he was entitled to relief on three grounds stemming from his remand proceedings: (1) he did not receive notice of the charges against him, (2) he was not arraigned, and (3) he did not validly waive counsel. Rishor also filed a supplemental brief in connection with his habeas petition that argued that the prosecution violated double jeopardy principles on remand by initially recharging him with first degree assault, conduct on which the jury had acquitted him during his first trial.[3] On

---

[3] The parties contest whether Rishor fairly presented his double jeopardy claim in state court. However, Rishor's appeal does not require us to decide this issue for the reasons explained in Part V of this opinion.

October 28, 2013, United States Magistrate Judge James P. Donohue issued a Report and Recommendation, concluding that the district court should deny the habeas petition with prejudice. Chief United States District Judge Marsha J. Pechman adopted the Report and Recommendation, dismissed the habeas petition with prejudice, and entered judgment against Rishor.

Rishor then filed a motion for reconsideration—the subject of this appeal. Rishor asked the district court to reconsider whether he was entitled to habeas relief on the ground that he did not validly waive counsel on remand. Rishor also asked the district court to reconsider whether he was entitled to habeas relief on the ground that the prosecution had violated due process and double jeopardy principles by failing to re-arraign him and re-charging him with first degree assault in order to secure a plea bargain.[4]

On December 3, 2014, the district court granted Rishor's motion to reconsider and vacated its prior judgment. The court held that the Washington Supreme Court's decision was contrary to, or an unreasonable application of, clearly established federal law and that Rishor was entitled to habeas relief on both his waiver of counsel and double jeopardy claims. The State timely appealed.

## II

Our review in this case is guided in part by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104–132, 110 Stat. 1214 (1996). The

---

[4] In its order denying Rishor's habeas petition, the district court did not discuss Rishor's double jeopardy claim.

provisions of AEDPA "create an independent, high standard to be met before a federal court may issue a writ of habeas corpus to set aside state-court rulings." *Uttecht v. Brown*, 551 U.S. 1, 10 (2007). As the Supreme Court has made clear, "'[t]his is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)).

Under AEDPA, a state prisoner's habeas petition shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim—

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Finally, before we proceed to apply AEDPA's standards in this case, we must identify the state court decision that is appropriate for our review. "When more than one state court has adjudicated a claim, we analyze the last reasoned decision." *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005). Here, the last reasoned state court decision is the Washington Supreme Court's denial of discretionary review

of Rishor's personal restraint petition dismissal. *See id.* at 1091–92 (holding that a seven-page order from the Washington Supreme Court denying review of a PRP was the last reasoned state court decision).

## III

As an initial matter, we must determine whether the district court had jurisdiction to rule on Rishor's motion for reconsideration, and whether we, in turn, have jurisdiction to review it on appeal. The district court properly construed Rishor's post-judgment motion for reconsideration,**[5]** filed within twenty-eight days of entry of judgment, as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001); 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (2012) ("Rule 59(e) does, however, include motions for reconsideration."). The question presented, therefore, is whether Rishor's Rule 59(e) motion is subject to the additional restrictions that apply to "second or successive" habeas corpus petitions under the provisions of AEDPA. Whether Rishor's motion should be construed as a second or successive habeas petition is a conclusion of law that we review de novo. *Riordan v. State Farm Mut. Auto. Ins.*, 589 F.3d 999, 1004 (9th Cir. 2009).

---

**[5]** Rishor's post-judgment motion was filed pursuant to Western District of Washington Local Rule 7(h), which provides that motions for reconsideration "shall be filed within fourteen days after the order to which it relates is filed." Local Rules W.D. Wash. LCR 7(h)(2).

## A

AEDPA's restrictions on second or successive habeas petitions prevent "the repeated filing of habeas petitions that attack the prisoner's underlying conviction." *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009). Accordingly, AEDPA instructs us to dismiss any claim "presented in a second or successive habeas corpus application" that the petitioner "presented in a prior application." 28 U.S.C. § 2244(b)(1). If a petitioner presents a *new* claim in a second or successive habeas corpus application, we must also dismiss that claim unless one of two exceptions applies:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.* § 2244(b)(2)(A)–(B)(ii). "Before a second or successive application permitted by this section is filed in the district

court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A). A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

## B

Our discussion of this issue begins with the Supreme Court's decision in *Gonzalez v. Crosby*, 545 U.S. 524 (2005). There, the Supreme Court addressed when a federal court should construe a petitioner's Rule 60(b)[6] motion as a second or successive habeas petition subject to the restrictions of AEDPA. *Id.* at 526. Although *Gonzalez* limited its holding to Rule 60(b) motions, our sister circuits have split on whether *Gonzalez*'s holding extends to Rule 59(e) motions, such as Rishor's post-judgment motion for reconsideration. *See id.* at 529 n.3 ("In this case we consider only the extent to which Rule 60(b) applies to habeas proceedings under 28 U.S.C. § 2254, which governs federal habeas relief for prisoners convicted in state court.").

*Gonzalez* explained that the Rules of Civil Procedure apply "in habeas corpus proceedings under 28 U.S.C. § 2254 only to the extent" that they are "not inconsistent" with the "statutory provisions and rules" of AEDPA. *Id.* at 529. The Court also noted that "[a]s a textual matter, § 2244(b) applies

---

[6] "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez*, 545 U.S. at 528.

only where the court acts pursuant to a prisoner's 'application' for a writ of habeas corpus," and that "an 'application' for habeas relief is a filing that contains one or more 'claims.'" *Id.* at 530.

Accordingly, *Gonzalez* held that a Rule 60(b) motion is subject to AEDPA's restrictions when the motion advances one or more claims, such as a motion that: seeks to present newly discovered evidence, seeks to add a new ground for relief, attacks the resolution of a claim on the merits, or seeks to vacate the judgment because of a subsequent change in substantive law. *Id.* at 531. "A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute." *Id*. This is so because

> [u]sing Rule 60(b) to present new claims for relief from a state court's judgment of conviction—even claims couched in the language of a true Rule 60(b) motion— circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts.

*Id*. In contrast, a Rule 60(b) motion that "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," should not be construed as a second or successive habeas petition. *Id.* at 532.

## C

Our sister circuits disagree over the application of *Gonzalez* and second-or-successive principles to Rule 59(e) motions. The Fifth, Eighth, Tenth, and Fourth Circuits have concluded that a Rule 59(e) motion that advances a "claim" as defined by *Gonzalez* should be construed as a second or successive habeas petition. *See Williams v. Thaler*, 602 F.3d 291, 303–05 (5th Cir. 2010); *Ward v. Norris*, 577 F.3d 925, 935 (8th Cir. 2009); *United States v. Pedraza*, 466 F.3d 932, 934 (10th Cir. 2006); *United States v. Martin*, 132 Fed. App'x 450, 451 (4th Cir. 2005) (unpublished).[7] The Third, Sixth, and Seventh Circuits have held that a Rule 59(e) motion should never be construed as a second or successive habeas petition, whether or not it advances a *Gonzalez* claim. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011); *Howard v. United States*, 533 F.3d 472, 475–76 (6th Cir. 2008); *Curry v. United States*, 307 F.3d 664, 665 (7th Cir. 2002).

Today we address this issue for the first time. We have previously held that altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" usually available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc)). We have also held that a Rule 59(e) motion may not be used to "raise arguments

---

[7] *See also United States v. Winestock*, 340 F.3d 200, 203 n.1 (4th Cir. 2003) (treating all motions for reconsideration, whether filed under Rule 59 or Rule 60, as subject to AEDPA's successive petition rule).

or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Id.* (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

We now hold that a Rule 59(e) motion that raises entirely *new* claims should be construed as a second or successive habeas petition subject to AEDPA's restrictions.  A Rule 59(e) motion raises a "new claim" when the motion seeks to add a ground for relief not articulated in the original federal habeas petition, presents newly discovered evidence, or seeks relief based on a subsequent change in the law.  In contrast, a timely Rule 59(e) motion that asks the district court to "correct manifest errors of law or fact upon which the judgment rests" should *not* be construed as a second or successive habeas petition.

Accordingly, a district court presented with a motion for reconsideration in a habeas case must first determine whether the motion should be construed as a second or successive habeas petition: that is whether it seeks to raise an argument or ground for relief that was not raised in the initial habeas petition.[8]  If so, the district court should dismiss the motion without prejudice to allow the applicant to move in the Court of Appeals for an order authorizing the district court to consider the second habeas application.  However, the district

---

[8] We note that in other contexts a Rule 59(e) motion may be granted to allow a movant to present newly discovered evidence or an intervening change in controlling law.  In the context of habeas proceedings, however, a Rule 59(e) motion raising such grounds for relief is in "substance" a second habeas petition subject to § 2244(b)'s additional restrictions.  A habeas petitioner may certainly still bring these arguments in a second petition if the additional and more restrictive requirements of § 2244(b) are met.

court may proceed to consider the merits of a Rule 59(e) motion that is filed within twenty-eight days of judgment and asks the court to correct errors of fact or law. As always, the district court will "enjoy[] considerable discretion in granting or denying the motion." *Id.* (citing *McDowell*, 197 F.3d at 1255 n.1).

The approach we adopt today is, in essence, a hybrid of the approaches adopted by our sister circuits thus far. The Fifth, Eighth, Tenth, and Fourth Circuits apply *Gonzalez* to Rule 59(e) motions that raise *both* previously adjudicated claims and new claims. We decline to adopt this approach, as it "attribute[s] to Congress the unlikely intent to preclude broadly the reconsideration of just-entered judgments." *Howard*, 533 F.3d at 475; *see id.* ("If the holding of *Gonzalez* applied to Rule 59(e) motions, it would almost always be effectively impossible for a district court to correct flaws in its reasoning, even when the problems were immediately pointed out and could easily be fixed by that court."). We see no sign that Congress intended AEDPA to vitiate the district court's power to "rectify its own mistakes in the period immediately following the entry of judgment," obviating the time and expense of unnecessary appellate proceedings. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982).

We similarly decline to adopt the approach of the Third, Sixth, and Seventh Circuits, which *never* applies *Gonzalez* or AEDPA to Rule 59(e) motions. While this bright-line approach may be easy to apply, it allows district courts to improperly entertain Rule 59(e) motions that are "in substance" second habeas petitions. *See, e.g.*, *Howard*, 533 F.3d at 473 (errors in sentencing raised for the first time in a Rule 59(e) motion); *see also Gonzalez*, 545 U.S. at 531

(instructing courts to focus on the "substance" rather than the label of the post-judgment motion).

For these reasons, we depart from our sister circuits and hold that *Gonzalez* and § 2244(b) apply to Rule 59(e) motions *only when* the motion raises entirely new claims. We believe this approach properly recognizes the key distinctions between post-judgment motions under Rules 59 and 60. A motion for reconsideration under Rule 59(e) suspends the finality of the judgment and tolls the time for appeal until the motion is resolved.[9] *See* Fed. R. App. P. 4(a)(4)(A); *Blystone*, 664 F.3d at 414. Accordingly, a timely Rule 59(e) motion is "neither a collateral attack on the initial habeas judgment, nor a new collateral attack on the underlying criminal judgment—rather it is part and parcel of the petitioner's one full opportunity to seek collateral review." *Blystone*, 664 F.3d at 414 (internal quotation marks omitted). A Rule 60(b) motion, in contrast, only comes into play *after* the time to appeal has expired, the judgment has become final, and the petitioner has "expended the one full opportunity to seek collateral review that AEDPA ensures." *Id.* at 413 (internal quotation marks omitted). Accordingly, a Rule 60(b) motion that raises a *Gonzalez* claim marks the start of a second round of habeas litigation, triggering AEDPA's additional restrictions. *See* 28 U.S.C. § 2244(b).

While we recognize that motions for reconsideration pursuant to Rule 59(e) can be consistent with AEDPA, we

---

[9] Rule 60(b) motions filed within twenty-eight days of entry of judgment also toll the time to appeal, Fed. R. App. P. 4(a)(4)(A)(vi), but such motions are treated as Rule 59 motions. *See Am. Ironworks*, 248 F.3d at 898–99; *see also* Fed. R. App. P. 4 advisory committee's note to the 1993 amendment.

cannot say that Rule 59(e) motions should *never* be construed as second habeas petitions.  Experience has taught us that habeas petitioners sometimes use Rule 59(e) improperly—to raise entirely new claims.  *See, e.g.*, *Howard*, 533 F.3d at 473 (errors in sentencing raised for the first time in Rule 59(e) motion).  Such a post-judgment motion, although "*labeled*" a Rule 59(e) motion, is in substance a second habeas petition that clearly "require[s] Court of Appeals permission to be filed and considered."  *Id.* at 476 (Boggs, J., dissenting).  Accordingly, when faced with such a post-judgment motion, district courts should follow *Gonzalez*'s teaching and preclude a petitioner from improperly using Rule 59(e) to "circumvent[] AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts."  *Gonzalez*, 545 U.S. at 531.

In sum, we hold that a motion for reconsideration filed within twenty-eight days of judgment that raises a new claim, including one based on newly discovered evidence or an intervening change in substantive law, is subject to AEDPA's second-or-successive petition bar.  However, a timely motion for reconsideration that asks the district court to reconsider a previously adjudicated claim on grounds already raised should not be construed as a second or successive habeas petition subject to AEDPA's additional restrictions.  *See* 28 U.S.C. § 2244(b).

## D

We now turn to Rishor's motion for reconsideration to determine whether it raised any "new claims" such that it should be construed as a second or successive habeas petition. We conclude that it did not.

Rishor's Rule 59(e) motion asked the court to reconsider two issues: (1) whether the state court violated clearly established federal law when it held that Rishor had validly waived counsel on remand, and (2) whether the state court violated clearly established federal law by holding that the prosecution did not violate double jeopardy principles on remand.[10]  Rishor's habeas petition argued that he did not validly waive counsel on remand, in violation of the Sixth Amendment.  Accordingly, Rishor did not raise his waiver of counsel claim for the first time in his motion for reconsideration.

Nor can we say that Rishor raised his double jeopardy argument for the first time in his post-judgment motion. Rishor's handwritten habeas "form" petition alleged that he was not arraigned on remand and did not receive notice of the charges filed against him.  Neither of these claims implicate double jeopardy principles on their face.  However, the standard form Rishor used to fill out his habeas petition instructed him not to argue or cite law.  And, just seven days later, Rishor filed a supplemental brief and argued:

> The state had no legal authority to re-file first degree assault charges against the petitioner.

---

[10] Rishor's motion for reconsideration also asked the district court to reconsider whether his due process rights were violated when he was not re-arraigned or given notice of the charges filed against him on remand. The district court, however, only granted reconsideration on Rishor's double jeopardy claim.  Rishor does not argue this his due process rights were violated on appeal.  We therefore decline to consider this issue. *See Chadd v. United States*, 794 F.3d 1104, 1109 n.4 (9th Cir. 2015). Nonetheless, these issues are still relevant as to whether Rishor's guilty plea was knowing and voluntary.  This issue is discussed in Section V.A of this opinion.

> State v. ahluwalia, 143 Wn. 2. 527, 540. . .41,
> 22 p. 3d. 1254 (2001) [sic] as demonstrated by
> the discussion in ahluwalia and arraignment is
> required afther [sic] a reversal, especially
> when an amended information is filled [sic]
> and there is a basis to be confused about the
> charges . . . .

In *State v. Ahluwalia*, 143 Wash. 2d 527, 529 (Wash. 2001), the Washington Supreme Court addressed whether federal and state constitutional double jeopardy principles were violated when Ahluwalia was retried for second degree murder after his first trial ended in a mistrial because the jury was unable to reach a verdict on that charge. The *Ahluwalia* court held that constitutional double jeopardy principles bar a defendant's retrial only on charges for which a defendant was definitively convicted or acquitted in a previous trial. *Id.* at 536–39. Ultimately, the Washington Supreme Court held that Ahluwalia's retrial for second degree murder did not violate double jeopardy principles because Ahluwalia was neither acquitted nor convicted of that charge at his first trial; rather, the jury had merely been unable to reach a verdict. *Id.* at 541.

Although *Ahluwalia*'s facts are distinguishable from Rishor's case, *Ahluwalia* discussed double jeopardy principles at length. In addition, Rishor unequivocally stated in his supplemental briefing that "[t]he state had no legal authority to re-file first degree assault charges." On the other hand, it is unclear from Rishor's arguments whether he understood that a court's failure to re-arraign a defendant and give him notice of the charges against him is a separate and distinct argument from whether double jeopardy principles were violated. Rishor failed to make these arguments

separately and distinctly. Nonetheless, we give Rishor's arguments the "benefit of liberal construction," and conclude that he adequately raised his double jeopardy claim in his initial habeas filings. *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed.").

In sum, we hold that Rishor's motion for reconsideration properly asked the district court to reconsider the merits of two claims that were raised in Rishor's initial habeas petition. Rishor's motion for reconsideration was, therefore, part and parcel of his one full opportunity to seek habeas relief and should not be construed as a second or successive habeas petition. Accordingly, we conclude that the district court had jurisdiction to consider Rishor's post-judgment motion in the first instance without seeking pre-certification by the Court of Appeals under 28 U.S.C. § 2244(b)(3)(A).

## IV

Having determined that the district court properly exercised jurisdiction over Rishor's motion for reconsideration, we turn to the merits of the district court's ruling. On September 9, 2010, the Washington Supreme Court denied discretionary relief on Rishor's waiver of counsel claim and held that "the record indicates that Rishor was more than ready to proceed pro se with the active assistance of standby counsel." On reconsideration, the district court held that this decision was contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. We review the district court's grant of Rishor's motion for

reconsideration for abuse of discretion.  *Allstate Ins. Co.*, 634 F.3d at 1111.

**A**

The Sixth Amendment guarantees that in all criminal prosecutions a defendant shall have the right to the assistance of counsel for his defense.  U.S. Const. amend. VI; *Powell v. Alabama*, 287 U.S. 45, 66 (1932).  The Sixth Amendment also guarantees a defendant the right to refuse the assistance of counsel and to represent himself in criminal proceedings. *Faretta v. California*, 422 U.S. 806, 834 (1975).  While a defendant's choice to proceed pro se "must be honored out of 'that respect for the individual which is the lifeblood of the law,'" *id.* (citing *Illinois v. Allen*, 397 U.S. 337, 350–51 (1970)), the Constitution "require[s] that any waiver of the right to counsel be knowing, voluntary, and intelligent," *Iowa v. Tovar*, 541 U.S. 77, 88 (2004).  In other words, a defendant who requests to proceed pro se "must be warned specifically of the hazards ahead."  *Tovar*, 541 U.S. at 89.

There is no doubt that Rishor's waiver of counsel in 2004 was knowing, voluntary, and intelligent.  He does not argue to the contrary.  How could he? Before his trial, Rishor adamantly requested to proceed pro se even after Judge Mura clearly warned him that he would be bound by all the same rules as a lawyer, that he would almost certainly "screw up" his case, and that he had never seen a pro se litigant effectively represent himself.

Instead, Rishor relies on *Faretta v. California*, 422 U.S. 806 (1975), to argue that the Washington trial court's failure to conduct a second, formal *Faretta* hearing violated the Sixth Amendment.  In *Faretta*, the Supreme Court explained what

is constitutionally required before a criminal defendant can validly waive counsel and proceed pro se, stating:

> Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open."

*Id.* at 835 (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)).

The Supreme Court's decision in *Faretta*, however, is silent on whether a defendant, who has validly waived counsel before his first trial, is entitled to a second *Faretta* hearing on remand. So is the Supreme Court's decision in *Carnley v. Cochran*, 369 U.S. 506 (1962), a case cited by Rishor for the proposition that waiver of counsel cannot be implied from the record. And where the holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (quoting § 2254(d)(1)). The district court, therefore, erred by finding that the United States Supreme Court had authored "clearly established" law on this issue.

Nor can it be said that a "general standard" from the Supreme Court's Sixth Amendment case law clearly establishes that Rishor was entitled to a second, formal *Faretta* hearing. *See Marshall v. Rodgers*, 133 S. Ct. 1446,

1449 (2013) ("[T]he lack of a Supreme Court decision on nearly identical facts does not by itself mean that there is no clearly established federal law, since 'a general standard' from this Court's cases can supply such law.") (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To the contrary, the bright-line rule suggested by Rishor, and adopted by the district court, contravenes the Supreme Court's adoption of a "pragmatic approach to the waiver question" in order to determine "the type of warnings and procedures that should be required before a waiver of that right will be recognized." *Tovar*, 541 U.S. at 90 (citation omitted). In fact, the Supreme Court has expressly declined to "prescribe[] any formula or script to be read to a defendant who states that he elects to proceed without counsel," as the information a defendant needs to make an intelligent waiver depends on "a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding." *Id.* at 88.

Viewing Rishor's waiver argument through a "pragmatic" lens, it is clear that fairminded jurists could disagree as to whether Rishor's original waiver of counsel remained intact throughout his criminal prosecution. For instance, Rishor, on remand, had specifically requested to be placed on Judge Mura's docket to request that attorney Thomas Fryer be appointed as his standby counsel. At this initial hearing, the prosecution informed Judge Mura that the parties were "here this morning to reiterate [Rishor's] request to proceed in a pro se basis." Rishor gave the court absolutely no indication that this was not the case or that he no longer wished to proceed pro se. Instead, Rishor proceeded to tell Judge Mura that he wanted to get standby counsel appointed so that he could have assistance filing motions from jail. Rishor's renewed

request for standby counsel was approved, and Rishor personally drafted and filed the appropriate order appointing Fryer as his standby counsel. Given Rishor's valid waiver of counsel before his first trial and his unwavering resolve to proceed pro se on remand, we cannot say that the Washington Supreme Court's decision was "objectively unreasonable." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (finding that AEDPA creates "a substantially higher threshold for obtaining relief than de novo review").

It is unnecessary for present purposes to determine what rule the Sixth Amendment in fact establishes for post-remand *Faretta* colloquies. All this case requires us to observe is that, in light of Supreme Court precedent, fairminded jurists could disagree as to whether Rishor's constitutional rights were violated on remand. Under AEDPA, this issue is one on which we must defer to the considered judgment of our colleagues on the Washington Supreme Court. Rishor's argument, accepted by the district court, does not pass muster under AEDPA review.

**B**

The district court concluded that the state court violated clearly established federal law by putting "the burden on [Rishor] to demonstrate lack of waiver and [failing] to apply a presumption against waiver." The district court relied on *Michigan v. Harvey*, 494 U.S. 344, 354 (1990), and *Brewer v. Williams*, 430 U.S. 387, 407 (1977)—two cases involving the right to counsel in police interrogations. Not only do these cases involve a different factual scenario from this case, but the district court also overlooked the Supreme Court's opinion in *Iowa v. Tovar*, 541 U.S. 77 (2004). There, the Court held that "in a collateral attack on an uncounseled

conviction, it is the defendant's burden to prove that he did not competently and intelligently waive his right to the assistance of counsel." *Id.* at 92. *Tovar* illustrates that the strict presumption against waiver of counsel does not last indefinitely. At the very least, *Tovar* creates room for disagreement as to whether Rishor bore the burden of proof on the waiver of counsel issue.

Finally, the district court also suggested that the Washington Supreme Court improperly required Rishor to show that he was prejudiced by his invalid waiver of counsel. But, as the district court noted and Rishor concedes on appeal, the Supreme Court has never held that a court's failure to conduct a *Faretta* waiver is per se prejudicial. Accordingly, we cannot say that the Washington Supreme Court's alternative holding—that Rishor was not prejudiced by the court's failure to secure a second waiver of counsel—was contrary to, or an unreasonable application of, clearly established federal law.

"If no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law." *Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir. 2004). Therefore, the Washington Supreme Court's decision denying review of Rishor's waiver of counsel claim was not contrary to, or an unreasonable application of, clearly established federal law as established by the United States Supreme Court. The district court erred in concluding otherwise.

Accordingly, we hold that the district court abused its discretion by granting reconsideration and awarding Rishor

habeas relief on his waiver of counsel claim.  *See Koon v. United States*, 518 U.S. 81, 100 (1996) ("The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions."); *see also Richard S. v. Dep't of Developmental Servs. of Cal.*, 317 F.3d 1080, 1086 (9th Cir. 2003) (district court abuses its discretion when it bases its ruling on an "inaccurate view of the law").

## V

Finally, we turn to Rishor's claim that the State improperly re-filed first degree assault charges on remand in violation of Rishor's rights under the Double Jeopardy Clause.  On remand, Rishor was initially charged with first degree assault, the same conduct on which his first jury had impliedly acquitted him after his first trial.  Rishor, however, was not ultimately convicted of that charge on remand.  On January 8, 2007, the State filed a second amended information changing the charge to second degree assault.  That same day, Rishor pled guilty to that charge.

Although the district court failed to address Rishor's double jeopardy argument in its initial order denying Rishor habeas relief, the district court granted Rishor's motion for reconsideration and granted habeas relief on this claim.  The district court first determined that Rishor had properly exhausted this claim in the state courts.  Citing *Green v. United States*, 355 U.S. 184, 190 (1957), which held that a jury's verdict of acquittal bars a subsequent retrial on those same offenses under the Double Jeopardy Clause, the district court held that Rishor was prosecuted in violation of the Double Jeopardy Clause when he was charged on remand with first degree assault.  The district court then concluded

that the state court's decision on the double jeopardy issue was "contrary to, or involved an unreasonable application of," clearly established Supreme Court precedent.

The district court went on to consider de novo whether Rishor's guilty plea to second degree assault prevented him from seeking habeas relief based on a double jeopardy violation that occurred before his plea. The district court determined that Rishor's guilty plea was invalid and did not preclude habeas relief because Rishor had received bad advice from his standby counsel and because "[t]he filing of the first degree assault charge placed [him] at a grave disadvantage in the plea bargaining process."

We review the district court's ruling on reconsideration for an abuse of discretion. *Allstate*, 634 F.3d at 1111.

**A**

As an initial matter, we note that the parties contest whether Rishor exhausted his double jeopardy claim in state court. However, Rishor's appeal does not require us to decide this issue for the reasons below.

Before we can reach the merits of Rishor's double jeopardy argument, we must resolve whether Rishor's guilty plea to second degree assault forecloses his double jeopardy claim. This is so because the Supreme Court has held,

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is

> charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Therefore, "when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). If the underlying guilty plea was entered into knowingly and voluntarily, the guilty plea forecloses a collateral attack on the underlying judgment. *Id.*; *see also Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) ("A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'").

Whether Rishor's guilty plea to second degree assault forecloses his double jeopardy claim depends on whether it was knowing and voluntary. *See Broce*, 488 U.S. at 574 (finding it to be "well settled" that a "voluntary and intelligent plea of guilty" may not be collaterally attacked). The Washington Supreme Court addressed this very issue in response to Rishor's argument that the State "coerced him into pleading guilty" by initially charging him with first degree assault on remand. Specifically, the Washington Supreme Court held that "nothing in the record indicates that the plea was anything but wholly voluntary. The plea offer was generous, and Mr. Rishor understandably took advantage of it rather than risk another trial." We give this determination deference under AEDPA. 28 U.S.C. § 2254(d)(2); *see also Wood v. Allen*, 558 U.S. 290, 301

(2010) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.").

Our review of the record confirms that the state court's decision was not objectively unreasonable. 28 U.S.C. § 2254(d)(2). In his habeas petition, Rishor asserts that he was "never given notice, read, or arraigned on any charges after remand." However, on November 27, 2006, Rishor's standby counsel waived the right to a first appearance and arraignment, and Rishor provides no evidence that his standby counsel was acting without his authority. Then, at his plea hearing, Rishor confirmed that he was pleading guilty to second degree assault, with an 84-month sentence. Rishor's plea deal was generous, as it allowed him to avoid a weapon enhancement that may have added 36 additional months to his sentence. At his plea hearing, Rishor acknowledged this fact and explained that he was pleading guilty to avoid the weapon enhancement charge.

Rishor also stated that he was taking the plea deal to avoid making his daughter come back for a second trial and to avoid a trial altogether. Specifically, he stated,

> That's the only reason I'm taking the guilty plea is because I don't want to have to put my daughter coming here and I have enough problems and I'll take this deal. I just wanted to make sure I plead guilty to the 84 months for the assault minus the weapon enhancement, *okay, fine to get around the trial.*

And later, he stated: "Yes. I went through [the plea deal] with Mr. Fryer now. I don't want to bring my daughter back for another trial. She just started school . . . . She's going to be a lawyer." Finally, Rishor confirmed that he had reviewed the plea deal with his standby counsel, that he understood the rights he was giving up, that he was not being threatened or coerced into pleading guilty, and that he was doing so "freely and voluntarily."

That the State initially re-charged Rishor with first degree assault does not undermine the voluntariness of Rishor's guilty plea to second degree assault. Rishor never mentioned that he was pleading to a lesser charge to avoid a first degree assault conviction; instead, Rishor unequivocally explained that he was pleading guilty to avoid a weapon enhancement and because he wanted to avoid a trial altogether. Rishor confirmed this fact less than a month later at his sentencing on January 30, 2007 when he stated,

> Your Honor, you're familiar with the case that happened. I took a guilty plea on the assault two mostly because I didn't want to bring my daughter back from college and put her through all of this was the main reason.
>
> It was entirely reasonable for Rishor to choose to avoid a second trial, especially when a jury had already convicted him of the charged offense *plus* an added weapon enhancement. The record does not suggest that Rishor's decision to plead guilty was motivated by a fear of a potential first degree assault conviction. Rather, Rishor's admissions made upon entry of his guilty plea

show that he understood the nature of the charges against him and that his guilty plea was not driven in any part from the State's initial filing of first degree assault. The record evidence is certainly sufficient for the Washington Court to have concluded that Rishor's plea was knowing and voluntary.

Finally, Rishor's standby counsel's alleged failure to advise Rishor that the State's re-filing of first degree assault potentially violated the Double Jeopardy Clause does not render Rishor's guilty plea invalid.[11] There is no clearly established constitutional right to effective assistance of standby counsel; nor is there a clearly established right to receive correct advice from standby counsel in the plea bargaining process. *See Locks v. Sumner*, 703 F.2d 403, 407–08 (9th Cir. 1983) (holding that the right to advisory counsel is "not of constitutional dimension"); *United States v. Kienenberger*, 13 F.3d 1354, 1356 (9th Cir. 1994) (holding that a district court has discretion in deciding whether to appoint standby counsel).

Rishor had the opportunity to challenge the first amended information and attempt to show the existence of a double jeopardy violation. He did not. Morever, Rishor knowingly assumed the risk that he would not understand the law well enough to defend himself competently when he decided to waive his right to counsel. Rishor was specifically warned

---

[11] Standby counsel Fryer, submitted an affidavit that stated: "presumptively the information I provided him as to the consequences of being convicted of assault in the first degree in contrast to the consequences of pleading guilty to assault in the second degree factored into [Rishor's] decision to plead guilty to the amended charge."

that he might fail to make a motion to dismiss the indictment because he did not know the law. Judge Mura told Rishor,

> There might be a good motion somewhere for you to make, a legal motion to dismiss, let's say, or for some other relief, and if you don't know what the law is you won't even know what motions to make. Do you understand that?

Accordingly, we cannot say that the state court's decision—finding that Rishor's guilty plea was "wholly voluntary"—resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence or in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1), (2). Since we must defer to the Washington Supreme Court's decision that Rishor's guilty plea was valid, Rishor could not, under *Tollett*, attack his conviction based on a constitutional violation that occurred prior to his guilty plea. Therefore, double jeopardy was not a valid basis for granting habeas relief.

## B

In determining whether Rishor was entitled to collateral relief based on his double jeopardy argument, the district court was required to first decide whether Rishor's guilty plea was knowing and voluntary. *See Broce*, 488 U.S. at 574. The district court erred by skipping this initial step and first addressing the merits of Rishor's double jeopardy claim. After finding that the prosecution violated double jeopardy principles on remand, the district court proceeded to conduct a de novo review as to whether Rishor's guilty plea was valid

and precluded his double jeopardy argument. The district court legally erred by failing to give AEDPA deference to the Washington state court's determination that Rishor's guilty plea was knowing and voluntary.

In sum, the district court erred by granting Rishor habeas relief on his double jeopardy claim. We therefore reverse the district court on this issue as well and hold that Rishor is not entitled to habeas relief on his double jeopardy claim.

## VI

The Washington Supreme Court's decision that Rishor was not entitled to habeas relief on his waiver of counsel and double jeopardy claims was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. Due to its legal errors, the district court abused its discretion by concluding otherwise. Rishor's motion for reconsideration should have been denied.

**REVERSED, VACATED, and REMANDED with instructions to reinstate the judgment denying habeas relief.**