# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL ANTHONY NELSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71531

FILED

SEP 13 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge. Appellant Michael Anthony Nelson argues that he received ineffective assistance of appellate counsel. We disagree and affirm the district court's order.[1]

To demonstrate ineffective assistance of appellate counsel, a petitioner must show both that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

17-30878

assistance of appellate counsel). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690. For purposes of the prejudice prong, the petitioner "must show that the omitted issue would have [had] a reasonable probability of success on appeal." *Kirksey*, 112 Nev. at 998, 923 P.2d at 1114. Thus, "[a]n attorney's decision not to raise meritless issues on appeal is not ineffective assistance of counsel." *Id.* The petitioner is entitled to an evidentiary hearing when the claims asserted are more than bare allegations and are supported by specific factual allegations not belied or repelled by the record that would entitle the petitioner to relief if true. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008).

Nelson first argues that appellate counsel should have challenged the lack of a second *Faretta*[2] hearing after this court reversed the judgment of conviction and remanded for further proceedings because the district court improperly denied Nelson's motion to represent himself. This court determined that the district court's *Faretta* canvass before the first trial showed that Nelson understood the risks of self-representation and knowingly elected to proceed without counsel. *Nelson v. State*, Docket No. 61951 (Order of Reversal and Remand, July 22, 2013). Nelson reasserted his desire to represent himself on retrial following the remand and requested the appointment of standby counsel. Even if the district court should have conducted a second canvass, *see Rishor v. Ferguson*, 822 F.3d 482, 496 (9th Cir. 2016) (observing that *Faretta* is silent on whether a defendant who has waived his right to counsel is entitled to a second *Faretta*

---

[2]*Faretta v. California*, 422 U.S. 806 (1975).

canvass on remand), Nelson has failed to show that this issue would have met with success on appeal when it is the law of the case that he knew the risks when he waived his right to counsel. *See Hooks v. State*, 124 Nev. 48, 55, 176 P.3d 1081, 1085 (2008) (noting that "[e]ven the omission of a canvass is not reversible error if it appears from the whole record that the defendant knew his rights and insisted upon representing himself" (internal quotation marks omitted)); *Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975) (discussing law-of-the-case doctrine). As Nelson therefore cannot demonstrate that appellate counsel was ineffective in omitting this issue, the district court did not err in denying this claim without an evidentiary hearing.

Second, Nelson argues that appellate counsel ineffectively litigated a sufficiency-of-the-evidence challenge to the burglary conviction. The State presented evidence that Nelson entered the apartment with a loaded firearm in his hand, after he had taken his ex-girlfriend's car without her consent early that morning following a heated argument and had returned later that morning to argue further. This evidence was sufficient for the jury to find that Nelson entered his ex-girlfriend's apartment with intent to commit an assault and/or battery. *See* NRS 205.060(1). The jury's verdict acquitting Nelson of the battery charge does not undermine the sufficiency of the evidence to support the burglary conviction. *See United States v. Powell*, 469 U.S. 57, 64-68 (1984) (explaining that inconsistent verdicts did not provide grounds to vacate conviction); *Brinkman v. State*, 95 Nev. 220, 224, 592 P.2d 163, 165 (1979) (similar). Nelson has accordingly failed to show that the sufficiency-of-the-evidence challenge had a reasonable probability of success on appeal but for counsel's purportedly

deficient performance in litigating the issue. The district court therefore did not err in denying this claim without an evidentiary hearing.

Third, Nelson argues that appellate counsel should have challenged the jury instructions given on specific intent. The record belies Nelson's claim that the jury was not instructed on the requisite specific intent for burglary. As no argument was made that the jury should infer Nelson's intent to commit a crime inside the structure by virtue of his unlawful entry, it does not appear that jury instructions pertaining to NRS 205.065 (regarding inference of burglarious intent) or NRS 47.230 (regarding presumed facts in criminal actions) were warranted, and trial counsel did not request any such instructions. Accordingly, Nelson has not shown that an appellate challenge to the jury instructions would have met with success and that appellate counsel was accordingly ineffective. The district court therefore did not err in denying this claim without an evidentiary hearing.

Fourth, Nelson argues that appellate counsel should have filed a reply brief because the State's answering brief improperly described him as having entered the apartment "brandishing" a firearm when he merely carried a firearm as he entered. As the evidence presented at trial indicated that Nelson held out the firearm visibly and conspicuously, the language in the State's answering brief fairly described Nelson's conduct. *See Hillburn v. State*, 627 S.W.2d 546, 548 (Tex. App. 1982) (holding court was entitled to find that defendant was "brandishing a knife" when it was held out visibly). Nelson accordingly has not demonstrated deficient performance or prejudice based on counsel's failure to file a reply brief challenging the State's characterization of the evidence. The district court therefore did not err in denying this claim without an evidentiary hearing.

Having considered Nelson's arguments and concluded that relief is not warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Jennifer P. Togliatti, District Judge
Michael Anthony Nelson
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A