**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELVEN JOE SWISHER, | No. 17-35451 |
| Petitioner-Appellant, | D.C. Nos.:  1:09-cv-00055-BLW |
| v. | 1:07-cr-00182-BLW-1 |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted August 30, 2018[**]
Seattle, Washington

Before:  McKEOWN, W. FLETCHER, and GOULD, Circuit Judges.

Elven Swisher appeals the district court's denial, on remand, of his motion

for a new trial on three remaining counts after this court, in *United States v.*

*Swisher*, 811 F.3d 299 (9th Cir. 2016), invalidated his conviction under the Stolen

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2). We grant the Motion to Take Judicial Notice, filed March 21, 2018 (Dkt. # 28).

Valor Act, 18 U.S.C. § 704(a). Swisher argues that spillover from his now-vacated Stolen Valor Act conviction prejudiced his trial on the remaining counts of false statement (18 U.S.C. § 1001) and theft of government funds (18 U.S.C. § 641).

We lack jurisdiction to hear the appeal. Swisher's release from prison does not deprive this court of jurisdiction under 28 U.S.C. § 2255(a) because Swisher filed his petition while in custody. *Carafas v. LaVallee*, 391 U.S. 234, 238–39 (1968). Nor does Swisher's release render his petition moot. Because Swisher has not yet paid restitution in full, he continues to suffer "some 'collateral consequence' of the conviction." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also Cent. Ariz. Water Conservation Dist. v. EPA*, 990 F.2d 1531, 1537 (9th Cir. 1993) ("Pecuniary injury is clearly 'a sufficient basis for standing.'"). However, we lack jurisdiction over Swisher's present claims because he failed to raise them in his original habeas petition.

A petitioner must seek certification from a panel of the court of appeals in order to file a second or successive habeas petition. 28 U.S.C. § 2255(h). "A petition for review of a new claim that could have been raised earlier may be treated as the functional equivalent of a second or successive petition for a writ of habeas corpus." *Allen v. Ornoski*, 435 F.3d 946, 957 (9th Cir. 2006). This principle has been applied when a new claim is raised in a motion. *See Calderon v.*

*Thompson*, 523 U.S. 538, 553 (1998) (motion to recall mandate); *Thompson v. Calderon*, 151 F.3d 918, 921 (9th Cir. 1998) (60(b) motion).

Here, Swisher did not raise his prejudicial spillover or retroactive misjoinder claims in his habeas petition. Instead, he raised them for the first time on remand to the district court in a "Motion for a New Trial". This motion is the functional equivalent of a second or successive petition, which requires authorization from this court before filing in the district court. *Allen*, 435 F.3d at 957. "A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar." *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016). Accordingly, this court lacks jurisdiction.

**DISMISSED** for lack of jurisdiction.