**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIO EDIOR PIERRE,<br><br>    Petitioner - Appellant,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General; M. BOWEN, Warden,<br><br>    Respondents - Appellees. | No. 24-1323<br><br>D.C. No.<br>5:23-cv-02606-ODW-JDE<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted August 20, 2024[**]

Before:    S.R. THOMAS, RAWLINSON, and COLLINS, Circuit Judges.

Antonio Edior Pierre appeals pro se from the district court's order

summarily dismissing his petition for writ of habeas corpus under 28 U.S.C.

§ 2241, and the denial of his motion to reconsider. We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. §§ 1291 and 2253. We review de novo a district court's determination that it does not have jurisdiction over a habeas corpus petition. *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc). We review for abuse of discretion the denial of a motion to reconsider. *Rishor v. Ferguson*, 822 F.3d 482, 495 (9th Cir. 2016). We affirm.

The district court did not err in dismissing without prejudice Pierre's habeas petition where it lacked jurisdiction to review his removal order or claims for relief from removal. *See Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (REAL ID Act "eliminated habeas jurisdiction, including jurisdiction under 28 U.S.C. § 2241, over final orders of . . . removal"); *see also* 8 U.S.C. § 1252(a)(5) (notwithstanding § 2241 or any other habeas provision, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal").

The district court did not abuse its discretion in denying Pierre's motion to reconsider where Pierre failed to provide any basis for the district court to grant his motion. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (standard of review and grounds for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b)).

We lack jurisdiction to consider any challenge to Pierre's removability, including his claim to citizenship, because Pierre has not petitioned for review of

2                                                                                    24-1323

any final order of removal.  *See Iasu v. Smith*, 511 F.3d 881, 890-91 (9th Cir. 2007) (no jurisdiction to review a deportation decision where petitioner failed to petition for review of a final order of removal).

All pending motions are denied as moot.

**AFFIRMED.**